## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**FLOYD HOBBS, JR.**
**and CYNTHIA BEVINGTON**                                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:09cv009-SA-DAS**

**LEGG MASON INVESTMENT COUNSEL & TRUST CO., N.A.**        **DEFENDANT**

### AFFIDAVIT OF JAMES A. KOERBER, CPA

1.      My name is James A. Koerber and I am an adult resident citizen of Hattiesburg, Mississippi, over the age of 21, and fully competent to testify about the matters set forth in this Affidavit and in my Expert Witness Report dated January 22, 2010, attached and made a part of this Affidavit as Exhibit "A," and in my Supplemental Expert Witness Report dated August 30, 2010, attached and made a part of this Affidavit as Exhibit "B."

2.      I am a shareholder in The Koerber Company, P.A., and have extensive experience in the field of accounting, including trust and estate accounting.  I am licensed as a CPA in Mississippi, Louisiana, and Alabama.  My experience and credentials are detailed in Appendix B to my Expert Witness Report (Ex. "A" hereto).

3.      I was retained by Butler, Snow, O'Mara, Stevens & Cannada, PLLC ("Butler Snow"), counsel for defendant, Legg Mason Investment Counsel & Trust Co., N.A., as an expert in the field of accounting, including trust and estate accounting. I was asked to review the report and calculations prepared by Roderick S. Russ III and other relevant documents and information to determine the propriety of the Russ Report and Calculations.  I was also asked to separately determine my opinion regarding the matters set forth in the Russ Report.  My signed Expert Witness Reports (Exs. "A" and "B") set forth my findings and opinions to date.

Exhibit 13

4.     In conducting my work here, I reviewed both (a) the Expert Witness Report prepared by Roderick S. Russ III dated December 22, 2009, a true and correct copy of which is attached as Appendix A to my first Expert Witness Report (Ex. "A" hereto) and (b) the Supplemental Expert Witness Report prepared by Roderick S. Russ III dated July 30, 2010, a true and correct copy of which is attached as Appendix A to my second Expert Witness Report (Ex. "B" hereto).

5.     Cynthia Bevington received distributions totaling $1,238,312.46 from the Johnson Charitable Remainder Annuity Trusts for the period of 2004 through 2008.  Floyd Hobbs received distributions totaling $1,238,312.46 from the Johnson Charitable Remainder Annuity Trusts for the period of 2004 through 2008.

JAMES A. KOERBER

SWORN TO AND SUBSCRIBED BEFORE ME, this 11th day of October, 2010.

NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 86235
EMILY K. MONTGOMERY
Commission Expires
July 22, 2011
FORREST COUNTY

My Commission Expires:

July 22, 2011

2

# FLOYD HOBBS, JR. AND CYNTHIA BEVINGTON
## PLAINTIFFS

## V.

# LEGG MASON INVESTMENT COUNSEL & TRUST CO., N.A.
## DEFENDANT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION
### CAUSE NO. 3:09CV009-SA-DAS

### EXPERT REPORT
### REBUTTAL AND ECONOMIC ANALYSIS

### JANUARY 22, 2010

This report has been prepared for the sole purpose of rebutting the Damage Report prepared by Roderick S. Russ, III, CPA and providing an economic analysis as it relates to Floyd Hobbs, Jr. and Cynthia Bevington v Legg Mason Investment Counsel & Trust Company, N.A.; United States District Court, Northern District of Mississippi, Western Division; Cause No. 3:09cv009-SA-DAS. It should not be distributed or circulated, quoted from, or cited in any manner that is not consistent with this purpose.

©The Koerber Company, P.A., 2010, *All Rights Reserved.* No part of this report may be reproduced, stored in a retrieval system, or transmitted in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of The Koerber Company, P.A.



## THE KOERBER COMPANY, PA
Valuation & Litigation Services

# TABLE OF CONTENTS

| SECTION | PAGE |
|---|---|
| DOCUMENTS | 2 |
| ANTICIPATED TESTIMONY | 2 |
| DISCUSSION | 3 |
| BACKGROUND INFORMATION | 3 |
| REBUTTAL | 3 |
| CONCLUSION | 7 |
| RESERVATION OF RIGHT TO AMEND | 7 |
| REBUTTAL TESTIMONY | 8 |
| TRIAL EXHIBITS | 8 |
| PRIOR TESTIMONY | 8 |
| PUBLICATIONS | 8 |

| APPENDICES | DESCRIPTION |
|---|---|
| APPENDIX A | ECONOMIC DAMAGES REPORT PREPARED BY RODERICK S. RUSS, III, CPA |
| APPENDIX B | CURRICULUM VITAE AND PRIOR TESTIMONY AND DEPOSITIONS |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

FLOYD HOBBS, JR. AND CYNTHIA BEVINGTON                    **PLAINTIFFS**

V.                                          **CAUSE NO. 3:09-CV-009-SA-DAS**

LEGG MASON INVESTMENT COUNSEL & TRUST            **DEFENDANT**
COMPANY, N.A.

### EXPERT REPORT OF JAMES A. KOERBER

I, James A. Koerber, CPA/ABV, CVA, CFE, CFF, am a shareholder in The Koerber Company, P.A. located in Hattiesburg, Mississippi. I have over 30 years of experience in public accounting, which includes tax, audit, and management advisory services, and have prepared hundreds of business valuation and expert witness reports.

I graduated from Mississippi State University with a major in Banking and Finance and obtained an additional major in Accounting at Louisiana State University. I was a president of the Southeast Chapter of the Mississippi Society of CPAs, and from April 1987 to April 1989, served as Foreman of a Federal Grand Jury for the Southern District of Mississippi.

I am licensed as a Certified Public Accountant in Mississippi, Alabama, and Louisiana. I am also a Certified Valuation Analyst, have successfully passed the examination and obtained the experience requirements to be classified as Accredited in Business Valuation by the American Institute of Certified Public Accountants, am a Certified Fraud Examiner, and am Certified in Financial Forensics by the American Institute of Certified Public Accountants. As for professional organizations, I am a member of the National Association of Certified Valuation Analysts (including past National State Chapter Chairman and past President of its Mississippi Chapter), the Mississippi Society of Certified Public Accountants (including past Chairman of the Business Valuation and Litigation Support Services Committee), the Society of Louisiana Certified Public Accountants (including past Chairman of the Litigation Services Committee), and the American Institute of Certified Public Accountants (including the Valuation and Forensic Services Section and past member of the National Fraud/Litigation Steering Committee).

©The Koerber Company, P.A., 2010, *All Rights Reserved*

I have qualified as an expert witness in Chancery Court for Adams, Jackson, Coahoma, Lowndes, Lincoln, Hancock, Hinds, Claiborne, Rankin, Forrest, Madison, Lamar, Harrison, Lauderdale, Jones, Copiah, and Wayne counties in Mississippi. I have also qualified as an expert witness in Circuit Court for Copiah, Covington, Washington, Leflore, Jones, Jasper, Wayne, Hinds, and Jackson counties in Mississippi and Pinellas County, Florida, Civil Court in Harris County, Texas, Family Court in East Baton Rouge Parish, Louisiana, and United States District Court for the Southern District of Mississippi. My fee for this engagement is $275 per hour. The hourly rate for others working under my supervision on this project ranged from $75 per hour to $225 per hour.

## DOCUMENTS

In preparing this expert report, I have considered the following documents:

1. Complaint, *Floyd Hobbs, Jr. and Cynthia Bevington v Legg Mason Investment Counsel, LLC and Legg Mason Investment Trust, Inc.*, United States District Court, Northern District of Mississippi, Western Division, Cause No. 3:09cv009-A-A; filed January 21, 2009.

2. Defendant's Responses to Plaintiffs' First Set of Request for Production of Documents.

3. Defendant's Responses to Plaintiffs' First Set of Interrogatories.

4. Defendant's Responses to Plaintiffs' First Set of Requests for Admissions.

5. Case Management Order.

6. Order Substituting Party Defendant.

7. Agreed Order Extending Case Management Order Deadlines.

8. Plaintiffs' Designation of Expert Witnesses.

9. Expert Report of Roderick S. Russ, III, CPA, dated December 22, 2009.

10. Documents Bate Stamped Hobbs-0000 to Hobbs-00105, LM-0001 to LM-0194.

11. Yahoo! Finance, www.finance.yahoo.com; accessed January 16, 2010.

## ANTICIPATED TESTIMONY

If called as a witness at trial, I will testify to the following:

The damage report submitted by Roderick S. Russ, III, CPA (the Russ Report) is flawed and speculative and based on conjecture due to the following issues:

---

©The Koerber Company, P.A., 2010, *All Rights Reserved*

☐ The Russ Report overstates as damages the interest expense assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month that they were notified that the tax was due.

☐ The Russ Report overstates as damages the penalties assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month they were notified that the tax was due. Additionally, the Russ Report speculates that the penalties will not be abated when penalties for one tax year have already been abated.

☐ The Russ Report overstates as damages the sale of PepsiCo, Inc. stock, including loss of dividend income and estimated commissions and fees on the repurchase of the stock, by ignoring the historical price of the stock and the delay by the Plaintiffs in paying the tax and interest.

☐ The Russ Report overstates as damages the professional fees by failing to remove the cost of litigation and the filing of tax returns from the amount claimed as professional fees.

☐ The Russ Report overstates as damages the interest expense related to the Bank of Holly Springs by failing to consider relevant factors, such as the delay by the Plaintiffs to pay the taxes and interest, the sale of stock instead of securing a loan, and the financial ability of the Plaintiffs to pay the taxes and interest from other assets.

☐ The Russ Report fails to identify other relevant factors that would have an effect on the alleged damages.

I express no opinion with regard to liability.

## DISCUSSION

### BACKGROUND INFORMATION

According to the Complaint, the Plaintiffs allege that the Defendant failed to advise the Plaintiffs that certain distributions made by the trust administered by the Defendant and another co-trustee were subject to the generation skipping transfer tax and did not provide the Plaintiffs with the appropriate tax forms and documentation necessary for them to make a timely payment of the generation skipping transfer tax for the tax years 2004, 2005, 2006, and 2007. The Defendant states that the occurrence of distributions to a "skip" beneficiary is a rare occurrence that had not been encountered previously, and for that reason, no customary methods existed for notifying recipients.

### REBUTTAL

A review of the damage report of Roderick S. Russ, III, CPA (the Russ Report) indicates there were errors and speculation used in the calculation of damages.

©The Koerber Company, P.A., 2010, *All Rights Reserved*

*Hobbs & Bevington v Legg Mason Investment Counsel & Trust Co, N.A.*        *Expert Report*

*OVERPAYMENT OF INDIVIDUAL INCOME TAX*

According to the Russ Report, as a result of the late notice of the generation skipping transfer tax, Mr. Hobbs had an overpayment of individual income taxes for 2004, 2005, 2006, 2007, and 2008 of approximately $12,416. For the same period, the Russ Report indicates an overpayment of individual income taxes for Ms. Bevington of approximately $18,387.

These alleged overpayments were presented in summary form instead of a detailed analysis in the Russ Report. Additionally, the 2004, 2005, 2006, 2007, and 2008 Individual Income Tax Returns (Form 1040) for Mr. Hobbs and Ms. Bevington were not provided as of the date of my report. Without the detail analysis and the prior years' Individual Income Tax Returns, I am unable to conduct an analysis to determine if these income taxes were properly calculated. Therefore, I request that the detail analysis and Individual Income Tax Returns be provided to complete this portion of my analysis.

If the alleged overpayments of individual income tax were overstated as a result of incorrect calculations by the Russ Report, then estimated damages for overpayment of individual income taxes and related lost interest income would be overstated.

*INTEREST CHARGED BY INTERNAL REVENUE SERVICE*

According to the Russ Report, Mr. Hobbs was charged $69,167 in interest expense for the late payment of the generation skipping transfer tax for the 2004, 2005, and 2006 tax years by the Internal Revenue Service. For the same tax years, Ms. Bevington was charged $69,137 in interest expense by the Internal Revenue Service. These amounts were paid in August 2008 and November 2008.

The Russ Report fails to account for the delay by the Plaintiffs to pay the generation skipping tax in March 2008, the month that they were notified. The Plaintiffs' professional advisors would be aware that a delay in payment would result in additional interest to the Plaintiffs. Therefore, the Russ Report incorrectly includes as damages the interest expense when it was paid rather than what would have been owed in March 2008, the month that they were notified. Because of this, the Russ Report overstates interest charged by the Internal Revenue Service and the related lost interest income, which results in an overstatement of damages.

*PENALTIES CHARGED BY INTERNAL REVENUE SERVICE*

According to the Russ Report, Mr. Hobbs was charged $133,040 in penalties, along with interest expense on the penalties, for the late payment of the generation skipping transfer tax for the 2004, 2005, and 2006 tax years by the Internal Revenue Service. For 2004 and 2006 tax years, Ms. Bevington was charged $87,516 in penalties, along with interest expense on the penalties, by the Internal Revenue Service. The penalties charged to Ms. Bevington for the 2005 tax year have been abated by the Internal Revenue Service. Additionally, the penalties claimed as damages have not been paid because the Plaintiffs are asking the Internal Revenue Service to abate the penalties.

---

*The Koerber Company, P.A.*        4

©The Koerber Company, P.A., 2010, *All Rights Reserved*

The Russ Report fails to account for the delay by the Plaintiffs to pay the generation skipping tax in March 2008, the month that they were notified. The Plaintiffs' tax advisors should be aware that any delay in payment would result in additional penalties to the Plaintiffs. Therefore, the Russ Report incorrectly includes as damages the penalties and the related interest expense according to the Internal Revenue Service notices instead of determining penalties as of March 2008, the month that they were notified. Because of this, the Russ Report overstates penalties and related interest charged by the Internal Revenue Service and overstates the damages.

Additionally, the Russ Report speculates that all penalties assessed by the Internal Revenue Service will be paid. The Plaintiffs are appealing the penalties, and the 2005 penalties assessed to Ms. Bevington have been abated. Therefore, the penalties for the other years for Mr. Hobbs and Ms. Bevington would be abated, just as 2005 penalties were abated. The facts related to the 2005 penalties assessed to Ms. Bevington are the same facts related to her 2004 and 2006 tax years and Mr. Hobbs's 2004, 2005, and 2006 tax years. Because of this, the Russ Report is speculating on the amount of penalties that might be paid in the future and overstates the damages.

### STOCK LIQUIDATION LOSS ON PEPSICO, INC. STOCK SALE

According to the Russ Report, Mr. Hobbs and Ms. Bevington sold stock in PepsiCo, Inc. to pay the tax and related interest expense. The stock was sold for approximately $55 per share in December 2008. The Russ Report alleges that the difference in the price of the PepsiCo, Inc. stock in December 2008 and the price of $61.62 per share in November 2009 would represent a loss to the Plaintiffs. Additionally, the Russ Report includes loss of dividend income and the estimated commissions and fees on repurchase of the PepsiCo, Inc. stock. Using this flawed analysis, the Russ Report incorrectly includes damages of $64,821 to Mr. Hobbs and $72,801 to Ms. Bevington.

The Russ Report ignores the fact that the Plaintiffs were notified in March 2008 of the generation skipping transfer tax. It also ignores the fact that the taxes and interest were not paid until August 2008. Instead, the Russ Report incorrectly takes the price of the PepsiCo, Inc. stock in December 2008 as a basis for damages and ignores the trading history of PepsiCo, Inc. stock during the period of March 2008, which is the month the Plaintiffs were notified, to November 2008, the month prior to the sale of the stock.

If the Russ Report had considered the trading history of PepsiCo, Inc. stock during the period of March 2008 to September 2008, it would have discovered that the price per share of stock exceeded the December 2008 stock price and the November 2009 stock price during the seven months of March, April, May, June, July, August, and September 2008. The average price per share during this seven-month period was approximately $68.42. The Russ Report also ignored the average historical PepsiCo, Inc. stock price for 2004 ($51.26), 2005 ($55.82), 2006 ($61.23), 2007 ($68.74), and the first two months of 2008 ($65.42).

The Plaintiffs had the decision of when to sell the PepsiCo, Inc. stock and could have sold the PepsiCo, Inc. stock when they paid the taxes and interest in August 2008 or at any time during the period of March 2008 and September 2008, when the PepsiCo, Inc. stock price was higher than the $61.62 stock price cited by the Russ Report. However, the Plaintiffs chose to sell the PepsiCo, Inc. stock in December 2008.

©The Koerber Company, P.A., 2010, *All Rights Reserved*

The Russ Report's concept of including the appreciation of stock sold as damages is flawed. If a stock had been sold and the stock price subsequently dropped, it would be incorrect to include an adjustment for the decline as a reduction of damages, just as it would be incorrect to include an adjustment for an increase in damages. Additionally, the Russ Report failed to consider other assets available for payment of the taxes and interest.

Therefore, the Russ Report is flawed by including the subsequent appreciation of the PepsiCo stock, which overstates damages.

*PROFESSIONAL FEES INCURRED*

The Russ Report includes as damages professional fees and other expenses related to the generation skipping transfer tax and this litigation. While professional fees associated with addressing the assessment of interest and penalties may be necessary expenses, it is incorrect to include the professional fees associated with this litigation and the filing of tax returns.

The Russ Report fails to remove the cost of this litigation and the filing of tax returns from the amount claimed as professional fees. Therefore, the Russ Report overstates damages.

*INTEREST EXPENSE RELATED TO BANK OF HOLLY SPRINGS LOAN*

The Russ Report includes interest paid to the Bank of Holly Springs on loan proceeds to pay the tax and interest related to the generation skipping transfer tax. The Russ Report includes the interest expense of $8,781 to Mr. Hobbs and $10,472 to Ms. Bevington as damages. Source documents representing the loan proceeds, terms of the loan, and payment of interest were not provided. Therefore, those documents are requested in order to complete my analysis of the Russ Report damages.

By including the interest expense paid to the Bank of Holly Springs as damages, the Russ Report fails to consider relevant factors, such as the delay by the Plaintiffs for approximately five months to pay the tax and interest, the sale of stock to pay the tax and interest instead of obtaining a loan, and the financial ability of the Plaintiffs to pay from other assets.

By not considering all relevant factors and simply including the interest expense from the Bank of Holly Springs, the Russ Report's inclusion of interest expense is flawed and overstates the damages.

*OTHER RELEVANT FACTORS*

The Russ Report fails to identify and consider other relevant factors that could have an effect on the damages including but not limited to:

- The failure by Plaintiffs and their tax advisors to recognize the need to pay the generation skipping transfer tax when the 2004, 2005, and 2006 Individual Income Tax Returns were filed for Mr. Hobbs and Ms. Bevington.

- The Plaintiffs' failure to mitigate the alleged damages.

©The Koerber Company, P.A., 2010, *All Rights Reserved*

- ❑ The Plaintiffs' management of their personal financial assets.

- ❑ The effect of the improper drafting of the charitable remainder trust.

By ignoring these and other possible relevant factors, the Russ Report is speculative and flawed.

### CONCLUSION

The damage report submitted by Roderick S. Russ, III, CPA (the Russ Report) is flawed and speculative and based on conjecture due to the following issues:

- ❑ The Russ Report overstates as damages the interest expense assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month that they were notified that the tax was due.

- ❑ The Russ Report overstates as damages the penalties assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month they were notified that the tax was due. Additionally, the Russ Report speculates that the penalties will not be abated when penalties for one tax year have already been abated.

- ❑ The Russ Report overstates as damages the sale of PepsiCo, Inc. stock, including loss of dividend income and estimated commissions and fees on the repurchase of the stock, by ignoring the historical price of the stock and the delay by the Plaintiffs in paying the tax and interest.

- ❑ The Russ Report overstates as damages the professional fees by failing to remove the cost of litigation and the filing of tax returns from the amount claimed as professional fees.

- ❑ The Russ Report overstates as damages the interest expense related to the Bank of Holly Springs by failing to consider relevant factors such as the delay by the Plaintiffs to pay the taxes and interest, the sale of stock instead of securing a loan, and the financial ability of the Plaintiffs to pay the taxes and interest from other assets.

- ❑ The Russ Report fails to identify other relevant factors that would have an effect on the alleged damages.

I express no opinion with regard to liability.

### RESERVATION OF RIGHT TO AMEND

In the event additional documents and/or other discovery material are made available to me after submission of this report, I respectfully reserve the rights to amend this writing as appropriate. This would include income tax returns, depositions, financial documents and other documents.

©The Koerber Company, P.A., 2010, *All Rights Reserved*

## REBUTTAL TESTIMONY

In addition to the substance of the foregoing discussion, my testimony at the hearing or trial may also include rebuttal testimony, as required.

## TRIAL EXHIBITS

Selected information from this report may be incorporated into demonstrative exhibits for purposes of trial testimony.

## PRIOR TESTIMONY

Over the past four years, I have testified by deposition and/or at trial in various matters. Attached is a list of these lawsuits.

## PUBLICATIONS

Over the past ten years, I have published the following material:

- ❑ "Income Tax Aspects of Damage Awards and Settlement Payments," Jim Koerber and Tom Wofford, *Voir Dire*, Winter 2000-2001.

- ❑ *Divorce Fax* (1998 – 2001).

- ❑ Various Seminar Materials (See Curriculum Vitae).

- ❑ "Income Tax Aspects of Damage Awards and Settlement Payments," Jim Koerber and David Kostmayer, Mississippi Society of Certified Public Accountants, January 2003 Newsletter.

- ❑ "Presenting Financial Data for Punitive Damages – An Opportunity for the CPA," Jim Koerber, Mississippi Society of Certified Public Accountants, January 2004 Newsletter.

**THE KOERBER COMPANY, P.A.**


James A. Koerber
*Certified Public Accountant*
*Accredited in Business Valuation*
*Certified Valuation Analyst*
*Certified Fraud Examiner*
*Certified in Financial Forensics*

Date     1/22/10

©The Koerber Company, P.A., 2010, *All Rights Reserved*

# *APPENDIX A*

**TANN, BROWN & RUSS CO., PLLC**
CERTIFIED PUBLIC ACCOUNTANTS
415 E. CAPITOL
JACKSON, MISSISSIPPI 39201
TELEPHONE (601) 354-4926
FACSIMILE (601) 354-4947

MEMBERS
AMERICAN INSTITUTE
CERTIFIED PUBLIC ACCOUNTANTS

MEMBERS
MISSISSIPPI SOCIETY OF CERTIFIED
PUBLIC ACCOUNTANTS

December 22, 2009

Mr. S. Kirk Milam
Hickman, Goza & Spragins, PLLC
P. O. Drawer 668
Oxford, MS 38655-0668

Re: Floyd Hobbs, Jr. and Cynthia Bevington
v. Legg Mason Investment Counsel, LLC
& Legg Mason Investment Trust, Inc.
U.S. District Court, Northern District of
Mississippi, Western Division
Cause No. 3:09CV009-A-A

**OPINION**

In my opinion, Floyd Hobbs, Jr. has suffered economic damages of at least $293,822 as summarized on Schedule H1 and Cynthia Bevington has suffered economic damages of at least $263,342 as summarized on Schedule B1. Additional information is provided in the supporting schedules as indicated on the respective summary schedule.

**INFORMATION CONSIDERED**

In forming my opinion I have considered the following:

1. The following items were furnished to me:
   a. Individual income tax returns for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007 and 2008.
   b. Notification of Distribution From a Generation-Skipping Trust (706-GS (D-1)) for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007 and 2008.
   c. Generation-Skipping Transfer Tax Returns (706-GS (D)) for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007, and 2008.
   d. 1099's or K-1's from the E. Johnson non-exempt and exempt CRAT's for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007 and 2008.
   e. IRS Notices for interest and penalties for the non filing of 706-GS (D-1) for Mr. Hobbs and Mrs. Bevington for 2004, 2005 and 2006.
   f. Interest paid to Bank of Holly Springs on loan proceeds used to pay Generation – Skipping taxes and related interest by Mr. Hobbs and Mrs. Bevington.
   g. Information on shares of stock of PepsiCo sold to pay off loan to Bank of Holly Springs for Mr. Hobbs and Mrs. Bevington.
   h. Professional fees incurred to establish economic damages and to mitigate the penalty portion of these damages.

**EXHIBIT** C

Mr. S. Kirk Milam
December 21, 2009
Page Two

2. Interest was calculated using the historical six-month annualized certificate of deposit rates as reported in the November 27, 2009 edition of the Federal Reserve Statistical Release H.15. These are average annual rates for the calendar years in question.

3. The information for the value of PepsiCo stock as well as the dividend information was obtained from Yahoo! Finance.

I have also considered my knowledge, training and professional experience as a professional accountant.

**QUALIFICATIONS**

A summary of my qualifications is presented in Attachment A. I have not published any articles within the last ten years.

**COMPENSATION**

Tann, Brown & Russ Co., PLLC is being compensated for my expert witness testimony and all related study and analysis, at specified hourly rates as follows:

| | |
|---|---|
| Partners | $265 |
| Managers | $210 |
| Senior accountants | $160 |
| Staff accountants | $130 |
| Clerical | $ 90 |

Our compensation is not contingent on the outcome of this litigation.

**OTHER TESTIMONY**

I have not testified as an expert at trial or by deposition within the preceding four years.

Signed,

Roderick S. Russ, III, CPA
Tann, Brown & Russ Co., PLLC

**Resume of Roderick S. Russ, III – Continued**

<u>**Public Accounting Experience**</u> –

Income tax practitioner with over 40 years experience in individual, corporate, partnership, trust and estate taxation. Particular experience in working with closely-held businesses and their owners, as well as overseeing the firm's estate and trust tax practice, including serving as trustee and/or executor

<u>**Qualified as Expert Witness**</u> –

Hinds County Chancery Court, State of Mississippi

SCHEDULE H1

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
**Legg Mason Investment Counsel, LLC & Legg Mason**
**Investment Trust, Inc.**
**Floyd Hobbs, Jr. - Analysis of Economic Damages**
**Summary Schedule of Damages Arising from Late Payment**
**of Generation Skipping Transfer Tax**

| | Economic Damages | See Schedule |
|---|---|---|
| Overpayment of personal income taxes as a result of late notice of generation skipping transfer tax | $ 12,416 | H2 |
| Interest income lost as a result of overpayment of income taxes | 4,814 | H2 |
| Interest charged by Internal Revenue Service on late payment of generation skipping transfer tax | 69,167 | H3 |
| Penalties charged by Internal Revenue Service on late payment of generation skipping transfer tax | 133,040 | H3 |
| Interest accrued on payments to Internal Revenue Service | 1,386 | H4 |
| Stock liquidation loss on shares of PepsiCo, Inc sold to pay Generation Skipping transfer tax and related interest expense | 64,821 | H5 |
| Professional fees and other expenses incurred | 36,295 | H6 |
| Interest paid to Bank of Holly Springs on loan proceeds used to pay taxes and interest | 8,781 | |
| Total economic damages, before offset item | 330,720 | |
| Less: Imputed interest income from availability of excess funds as a result of the delay in payment of generation skipping transfer tax | (36,898) | H2 |
| Total economic damages incurred by Floyd Hobbs, Jr. as of December 31, 2009 | $ 293,822 | |

SCHEDULE H2

Hickman, Goza & Spragins, PLLC
Floyd Hobbs, Jr. and Cynthia Bevington vs.
  Legg Mason Investment Counsel, LLC & Legg Mason
  Investment Trust, Inc.
Floyd Hobbs, Jr. - Analysis of Economic Damages
Calculation of Net Income Tax Overpayment and Related
  Interest Income Computations

Loss of interest income due to unavailability of generation skipping transfer tax for write-off
on annual income tax returns:

| Tax Year | Total Income Tax as Originally Filed | Total Income Tax as Corrected | Net Income Tax Over (Under) Payment | 4/15/05 to 4/14/06 | 4/15/06 to 4/14/07 | 4/15/07 to 4/14/08 | 4/15/08 to 4/14/09 | 4/15/09 to 12/31/09 | Total Interest Lost (Gained) |
|---|---|---|---|---|---|---|---|---|---|
| 2004 | $ 37,758 | $ 29,573 | $ 8,185 | $ 341 | $ 429 | $ 415 | $ 236 | $ 40 | $ 1,461 |
| 2005 | 44,332 | 27,896 | 16,436 | - | 861 | 802 | 455 | 78 | 2,196 |
| 2006 | 36,412 | 19,847 | 16,565 | - | - | 768 | 436 | 75 | 1,278 |
| 2007 | 9,159 | 9,159 | - | - | - | - | - | - | - |
| 2008 | 671 | 29,441 | (28,770) | - | - | - | - | (121) | (121) |
| | | | $ 12,416 | | | | | | $ 4,814 |

Imputed interest income due to non-payment of generation skipping transfer (GST) tax
on a timely basis:

| Tax Year | GST Tax as Originally Filed | GST Tax as Corrected | GST Tax Over (Under) Payment | 4/15/05 to 4/14/06 | 4/15/06 to 4/14/07 | 4/15/07 to 4/14/08 | 4/15/08 to 8/28/08 | 8/29/08 to 12/31/09 | Total Interest Lost (Gained) |
|---|---|---|---|---|---|---|---|---|---|
| 2004 | $ - | $ 108,378 | $ (108,378) | $ (4,513) | $ (5,676) | $ (5,495) | $ (1,437) | $ - | $ (17,121) |
| 2005 | - | 108,532 | (108,532) | - | (5,684) | (5,294) | (1,384) | - | (12,362) |
| 2006 | - | 106,223 | (106,223) | - | - | (4,923) | (1,287) | - | (6,211) |
| 2007 | - | 103,914 | (103,914) | - | - | - | (1,204) | - | (1,204) |
| | | | | | | | | | $ (36,898) |

Note: Interest was calculated annually using the historical six-month annualized certificate of deposit rates as
     reported in the November 27, 2009 edition of *Federal Reserve Statistical Release H.15*. These
     are average annual rates for the calendar years in question:

|      |       |
|------|-------|
| 2005 | 3.73% |
| 2006 | 5.24% |
| 2007 | 5.23% |
| 2008 | 3.14% |
| 2009 | 0.99% |

Note: Interest income gains and losses have been calculated assuming a settlement/judgment date of
     December 31, 2009.

Note: For purposes of the above calculations, income taxes and GST taxes are assumed to be due and
     payable on April 15th of the year following the year for which the taxes are assessed.

SCHEDULE H3

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
**Legg Mason Investment Counsel, LLC & Legg Mason**
**Investment Trust, Inc.**
**Floyd Hobbs, Jr. - Analysis of Economic Damages**
**Calculation of Interest and Penalties Arising from**
**Late Payment of Generation Skipping Transfer Tax**

**Interest Assessed on Tax:**

| | 2004 | 2005 | 2006 | Total |
|---|---|---|---|---|
| | | Tax Year | | |
| Payment made on August 28, 2008 | $ 29,522 | $ 20,819 | $ 10,884 | $ 61,225 |
| Payment made on November 5, 2008 | | 5,107 | 2,835 | 7,942 |
| Totals | $ 29,522 | $ 25,926 | $ 13,719 | $ 69,167 |

**Penalties & Related Interest:**

| | 2004 | 2005 | 2006 | Total |
|---|---|---|---|---|
| | | Tax Year | | |
| Penalties assessed by Internal Revenue Service | $ 48,770 | $ 40,157 | $ 32,929 | $ 121,856 |
| Interest assessed on penalties | 7,985 | 5,367 | | 13,352 |
| Adjustment made by Internal Revenue Service on February 9, 2009 | (2,168) | | | (2,168) |
| Totals | $ 54,587 | $ 45,524 | $ 32,929 | $ 133,040 |

SCHEDULE H4

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
   **Legg Mason Investment Counsel, LLC & Legg Mason**
   **Investment Trust, Inc.**
**Floyd Hobbs, Jr. - Analysis of Economic Damages**
**Calculation of Accrued Interest on Payments Made**
   **to Internal Revenue Service**

| | Payment | 8/28/08 to 11/5/08 | 11/5/08 to 12/31/08 | 1/1/09 to 12/31/09 | Total Interest Accrued |
|---|---|---|---|---|---|
| Payment made on August 28, 2008 (Schedule H3) | $  61,225 | $  362 | $  294 | $  613 | $  1,269 |
| Payment made on November 5, 2008 (Schedule H3) | 7,942 | | 38 | 79 | 117 |
| | | | | | $  1,386 |

Note:  Interest was calculated annually using the historical six-month annualized certificate of deposit
   rates as reported in the November 27, 2009 edition of *Federal Reserve Statistical Release H.15*.
   These are average annual rates for the calendar years in question.

|  |  |
|---|---|
| 2008 | 3.14% |
| 2009 | 0.99% |

Note:  Accrued interest has been calculated assuming a settlement/judgment date of
   December 31, 2009.

SCHEDULE H5

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
  **Legg Mason Investment Counsel, LLC & Legg Mason**
  **Investment Trust, Inc.**
**Floyd Hobbs, Jr. - Analysis of Economic Damages**
**Calculation of Losses Arising From Stock Liquidation**
**To Pay Delinquent Generation Skipping Transfer Tax**

| | Date | Share Price | No. of Shares | Dollar Amount |
|---|---|---|---|---|
| Estimated Cost to repurchase PepsiCo shares (1) | 11/19/2009 | $ 61.62 | 7,273 | $ 448,162 |
| Estimated commissions and fees on repurchase (2) | | | | 2,003 |
| Loss of dividends paid (3) | | | | 12,910 |
| Total cost to repurchase | | | | $ 463,075 |
| | | | | |
| Proceeds received by Mr. Hobbs from sale of PepsiCo, Inc. stock | 12/18/2008 | $ 55.03 | 300 | $ 16,509 |
| | 12/18/2008 | 55.01 | 1,800 | 99,018 |
| | 12/18/2008 | 55.00 | 5,173 | 284,515 |
| | Totals | | 7,273 | 400,042 |
| | Less: Commissions and fees | | | (1,788) |
| Net proceeds from sale of stock | | | | $ 398,254 |
| | | | | |
| Stock liquidation loss on shares of PepsiCo, Inc. | | | | $ 64,821 |

(1) The date and share price as shown above are for estimation purposes only, as the actual share price to be
    used in the calculation of economic damages will be the closing price as of the date of final settlement
    or judgment.

(2) The estimated commissions and fees are calculated based on the commissions and fees paid at December
    18, 2008, as a percentage of the gross proceeds on that date.

(3) Lost dividends consist of dividends paid subsequent to the December 18, 2008 date of sale and prior to the
    projected settlement/judgment date of December 31, 2009.  (Source: *Yahoo! Finance*.)

| Date | Dividend Rate | Shares | Dividend |
|---|---|---|---|
| 3/4/2009 | 0.425 | 7,273 | $ 3,091 |
| 6/3/2009 | 0.450 | 7,273 | 3,273 |
| 9/2/2009 | 0.450 | 7,273 | 3,273 |
| 12/2/2009 | 0.450 | 7,273 | 3,273 |
| | | | $ 12,910 |

SCHEDULE H6

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
   **Legg Mason Investment Counsel, LLC & Legg Mason**
   **Investment Trust, Inc.**
**Floyd Hobbs, Jr. - Analysis of Economic Damages**
**Schedule of Fees and Other Expenses Arising from**
   **Late Payment of Generation Skipping Transfer Tax**

**Attorney fees:**

| | | | |
|---|---:|---|---:|
| Thrailkill, Harris, Wood & Boswell, PLC | | | |
| Paid ($36,840 x 1/2) | $ | 18,420 | |
| Billed ($9,376 x 1/2) | | 4,688 | |
| Total | | | $ 23,108 |
| Hickman, Goza and Spragins, PLLC | | | 872 |
| Total attorney fees | | | 23,980 |

**Accounting fees:**

| | |
|---|---:|
| John Curbo, CPA (Estimated) | 4,000 |
| Tann, Brown & Russ Co., PLLC (Estimated) | 8,000 |
| Total accounting fees | 12,000 |

**Miscellaneous expenses:**

| | |
|---|---:|
| Gas, meals, etc. | 315 |
| Total fees and other expenses | $ 36,295 |

SCHEDULE B1

Hickman, Goza & Spragins, PLLC
Floyd Hobbs, Jr. and Cynthia Bevington vs.
 Legg Mason Investment Counsel, LLC & Legg Mason
 Investment Trust, Inc.
Cynthia Bevington - Analysis of Economic Damages
Summary Schedule of Damages Arising from Late Payment
 of Generation Skipping Transfer Tax

| | Economic Damages | See Schedule |
|---|---|---|
| Overpayment of personal income taxes as a result of late notice of generation skipping transfer tax | $ 18,387 | B2 |
| Interest income lost as a result of overpayment of income taxes | 5,283 | B2 |
| Interest charged by Internal Revenue Service on late payment of generation skipping transfer tax | 69,137 | B3 |
| Penalties charged by Internal Revenue Service on late payment of generation skipping transfer tax | 87,516 | B3 |
| Interest accrued on payments to Internal Revenue Service | 1,386 | B4 |
| Stock liquidation loss on shares of PepsiCo, Inc sold to pay Generation Skipping transfer tax and related interest expense | 72,801 | B5 |
| Professional fees and other expenses incurred | 35,258 | B6 |
| Interest paid to Bank of Holly Springs on loan proceeds used to pay taxes and interest | 10,472 | |
| Total economic damages, before offset Item | 300,240 | |
| Less: Imputed interest income from availability of excess funds as a result of the delay in payment of generation skipping transfer tax | (36,898) | B2 |
| Total economic damages incurred by Cynthia Bevington as of December 31, 2009 | $ 263,342 | |

SCHEDULE B2

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
**Legg Mason Investment Counsel, LLC & Legg Mason**
**Investment Trust, Inc.**
**Cynthia Bevington - Analysis of Economic Damages**
**Calculation of Net Income Tax Overpayment and Related**
**Interest Income Computations**

Loss of interest income due to unavailability of generation skipping transfer tax for write-off
on annual income tax returns:

| Tax Year | Total Income Tax as Originally Filed | Total Income Tax as Corrected | Net Income Tax Over (Under) Payment | 4/15/05 to 4/14/06 | 4/15/06 to 4/14/07 | 4/15/07 to 4/14/08 | 4/15/08 to 4/14/09 | 4/15/09 to 12/31/09 | Total Interest Lost (Gained) |
|---|---|---|---|---|---|---|---|---|---|
| 2004 | $ 33,679 | $ 28,379 | $ 5,300 | $ 221 | $ 278 | $ 269 | $ 152 | $ 26 | $ 946 |
| 2005 | 49,456 | 26,087 | 23,369 | | 1,224 | 1,140 | 647 | 111 | 3,122 |
| 2006 | 36,090 | 18,847 | 17,243 | | | 800 | 453 | 78 | 1,331 |
| 2007 | 18,982 | 18,982 | - | | | | | | - |
| 2008 | 811 | 28,336 | (27,525) | | | | | (116) | (116) |
| | | | $ 18,387 | | | | | | $ 5,283 |

Imputed interest income due to non-payment of generation skipping transfer (GST) tax
on a timely basis:

| Tax Year | GST Tax as Originally Filed | GST Tax as Corrected | GST Tax Over (Under) Payment | 4/15/05 to 4/14/06 | 4/15/06 to 4/14/07 | 4/15/07 to 4/14/08 | 4/15/08 to 8/28/08 | 8/29/08 to 12/31/09 | Total Interest Lost (Gained) |
|---|---|---|---|---|---|---|---|---|---|
| 2004 | $ - | $ 108,378 | $(108,378) | $ (4,513) | $ (5,676) | $ (5,495) | $ (1,437) | $ - | $ (17,121) |
| 2005 | - | 108,532 | (108,532) | | (5,684) | (5,294) | (1,384) | | (12,362) |
| 2006 | - | 106,223 | (106,223) | | | (4,923) | (1,287) | | (6,211) |
| 2007 | - | 103,914 | (103,914) | | | | (1,204) | | (1,204) |
| | | | | | | | | | $ (36,898) |

Note: Interest was calculated annually using the historical six-month annualized certificate of deposit rates as
reported in the November 27, 2009 edition of *Federal Reserve Statistical Release H.15*. These
are average annual rates for the calendar years in question.

| | |
|---|---|
| 2005 | 3.73% |
| 2006 | 5.24% |
| 2007 | 5.23% |
| 2008 | 3.14% |
| 2009 | 0.99% |

Note: Interest income gains and losses have been calculated assuming a settlement/judgment date of
December 31, 2009.

Note: For purposes of the above calculations, income taxes and GST taxes are assumed to be due and
payable on April 15th of the year following the year for which the taxes are assessed.

SCHEDULE B3

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
  **Legg Mason Investment Counsel, LLC & Legg Mason**
  **Investment Trust, Inc.**
**Cynthia Bevington - Analysis of Economic Damages**
**Calculation of Interest and Penalties Arising from**
  **Late Payment of Generation Skipping Transfer Tax**

| Interest Assessed on Tax: | | Tax Year | | | |
|---|---|---|---|---|---|
| | 2004 | 2005 | 2006 | Total | |
| Payment made on August 28, 2008 | $ 29,522 | $ 20,819 | $ 10,884 | $ 61,225 | |
| Payment made on November 5, 2008 | | 5,107 | 2,805 | 7,912 | |
| Totals | $ 29,522 | $ 25,926 | $ 13,689 | $ 69,137 | |

| Penalties & Related Interest: | | Tax Year | | | |
|---|---|---|---|---|---|
| | 2004 | 2005 (1) | 2006 | Total | |
| Penalties assessed by Internal Revenue Service | $ 48,770 | | $ 32,929 | $ 81,699 | |
| Interest assessed on penalties | 7,985 | | | 7,985 | |
| Adjustment made by Internal Revenue Service on February 9, 2009 | (2,168) | | | (2,168) | |
| Totals | $ 54,587 | $ - | $ 32,929 | $ 87,516 | |

(1) Legal counsel for Ms. Bevington has advised that the Internal Revenue Service has waived all penalties assessed with regard to GST tax owed for the 2005 tax year.

SCHEDULE B4

Hickman, Goza & Spragins, PLLC
Floyd Hobbs, Jr. and Cynthia Bevington vs.
Legg Mason Investment Counsel, LLC & Legg Mason
Investment Trust, Inc.
Cynthia Bevington - Analysis of Economic Damages
Calculation of Accrued Interest on Payments Made
to Internal Revenue Service

|  | Payment | 8/28/08 to 11/5/08 | 11/5/08 to 12/31/08 | 1/1/09 to 12/31/09 | Total Interest Accrued |
|---|---|---|---|---|---|
| Payment made August 28, 2008 (Schedule B3) | $ 61,225 | $ 362 | $ 294 | $ 613 | $ 1,269 |
| Payment made November 5, 2008 (Schedule B3) | 7,912 | | 38 | 79 | 117 |
| | | | | | $ 1,386 |

Note: Interest was calculated annually using the historical six-month annualized certificate of deposit
rates as reported in the November 27, 2009 edition of *Federal Reserve Statistical Release H.15*.
These are average annual rates for the calendar years in question.

2008    3.14%
2009    0.99%

Note: Accrued interest has been calculated assuming a settlement/judgment date of
December 31, 2009.

SCHEDULE B5

**Hickman, Goza & Spragins, PLLC**
Floyd Hobbs, Jr. and Cynthia Bevington vs.
  Legg Mason Investment Counsel, LLC & Legg Mason
  Investment Trust, Inc.
Cynthia Bevington - Analysis of Economic Damages
Calculation of Losses Arising From Stock Liquidation
  To Pay Delinquent Generation Skipping Transfer Tax

| | Date | Share Price | No. of Shares | Dollar Amount |
|---|---|---|---|---|
| Estimated Cost to repurchase PepsiCo shares (1) | 11/19/2009 | $ 61.62 | 8,182 | $ 504,175 |
| Estimated commissions and fees on repurchase (2) | | | | 2,185 |
| Loss of dividends paid (3) | | | | 14,523 |
| Total cost to repurchase | | | | $ 520,883 |
| | | | | |
| Proceeds received by Ms. Bevington from sale of PepsiCo, Inc. stock | 12/18/2008 | $ 55.02 | 500 | $ 27,510 |
| | 12/18/2008 | 55.03 | 300 | 16,509 |
| | 12/18/2008 | 55.01 | 266 | 14,633 |
| | 12/18/2008 | 55.00 | 7,116 | 391,380 |
| | Totals | | 8,182 | 450,032 |
| | Less: Commissions and fees | | | (1,950) |
| Net proceeds from sale of stock | | | | $ 448,082 |
| | | | | |
| Stock liquidation loss on shares of PepsiCo, Inc. | | | | $ 72,801 |

(1) The date and share price as shown above are for estimation purposes only, as the actual share price to be
    used in the calculation of economic damages will be the closing price as of the date of final settlement
    or judgment.

(2) The estimated commissions and fees are calculated based on the commissions and fees paid at December
    18, 2008, as a percentage of the gross proceeds on that date.

(3) Lost dividends consist of dividends paid subsequent to the December 18, 2008 date of sale and prior to the
    projected settlement/judgment date of December 31, 2009. (Source: *Yahoo! Finance* )

| Date | Dividend Rate | Shares | Dividend |
|---|---|---|---|
| 3/4/2009 | 0.425 | 8,182 | $ 3,477 |
| 6/3/2009 | 0.450 | 8,182 | 3,682 |
| 9/2/2009 | 0.450 | 8,182 | 3,682 |
| 12/2/2009 | 0.450 | 8,182 | 3,682 |
| | | | $ 14,523 |

SCHEDULE B6

**Hickman, Goza & Spragins, PLLC**
**Floyd Hobbs, Jr. and Cynthia Bevington vs.**
**Legg Mason Investment Counsel, LLC & Legg Mason**
**Investment Trust, Inc.**
**Cynthia Bevington - Analysis of Economic Damages**
**Schedule of Fees and Other Expenses Arising from**
**Late Payment of Generation Skipping Transfer Tax**

**Attorney fees:**

| | | | |
|---|---|---|---|
| Thrailkill, Harris, Wood & Boswell, PLC | | | |
| Paid ($36,840 x 1/2) | $ | 18,420 | |
| Billed ($9,376 x 1/2) | | 4,688 | |
| Total | | | $ 23,108 |
| Hickman, Goza and Spragins, PLLC | | | - |
| Total attorney fees | | | 23,108 |

**Accounting fees:**

| | |
|---|---|
| John Curbo, CPA (Estimated) | 4,000 |
| Frank Pavlicka, CPA | 150 |
| Tann, Brown & Russ Co., PLLC (Estimated) | 8,000 |
| Total accounting fees | 12,150 |

**Miscellaneous expenses:**

| | |
|---|---|
| Gas, meals, etc. | - |

| | |
|---|---|
| Total fees and other expenses | $ 35,258 |

ATTACHMENT A

## RESUME OF RODERICK S. RUSS, III, CPA

**Employment –**

Tann, Brown & Russ Co., PLLC, Certified Public Accountants,
Jackson, Mississippi –
Partner with over 23 years experience

Rod Russ, CPA, Jackson, Mississippi –
Sole practitioner for 2 years

Bailey & Bailey, Inc., Jackson, Mississippi -
In-house CPA responsible for internal accounting and reporting and
preparation of income tax returns for over 45 related individuals,
corporations, partnerships, trusts and estates for 13 years

KPMG, Certified Public Accountants, Jackson, Mississippi –
Member of firm's income tax department for 3 years

**Education and Degrees –**

University of Mississippi, B.B.A. – Accounting, 1968
University of Mississippi, Master of Business Administration - 1970

**Professional Designations –**

Certified Public Accountant

**Professional Memberships –**

American Institute of Certified Public Accountants
Mississippi Society of Certified Public Accountants

**Civic Activities – Past and Present -**

Pear Orchard Presbyterian Church - Elder
Christ Covenant School - Board of Trustees
Reformed Theological Seminary – Board of Trustees
Past Treasurer of Mississippi Valley Presbytery - 10 Years

Page 1 of 2

EXHIBIT 

*APPENDIX B*

**JAMES A. KOERBER**
*Certified Public Accountant*
*Accredited in Business Valuation*
*Certified Valuation Analyst*
*Certified Fraud Examiner*
*Certified in Financial Forensics*

The Koerber Company, P.A.
Post Office Box 18170, Hattiesburg, Mississippi 39404
103 Madison Plaza, Hattiesburg, Mississippi 39402
Phone: 601.583.1000, Extension 101; Toll Free: 888-655-8282
Fax: 601.583.1009; Email: jkoerber@koerbercompany.com;
Web Page: www.koerbercompany.com

James A. Koerber, CPA/ABV, CVA, CFE, CFF is a shareholder in The Koerber Company, P.A.; and is responsible for valuation and litigation services for attorneys and their clients. The valuation services are primarily for estate and gift tax purposes, purchases and sales of businesses, and equitable distributions related to divorces. Additionally, he assists attorneys with family law tax issues and other litigation support services, including calculations related to actual and punitive damages. Jim has over 30 years of experience in public accounting, which includes tax, audit, and management advisory services, and has prepared hundreds of business valuation and expert witness reports.

Jim graduated from Mississippi State University with a major in Banking and Finance and obtained an additional major in Accounting at Louisiana State University. He is a past president of the Southeast Chapter of the Mississippi Society of CPAs, and from April 1987 to April 1989, he served as Foreman of a Federal Grand Jury for the Southern District of Mississippi.

Jim is licensed as a Certified Public Accountant in Mississippi, Louisiana, and Alabama. He is also a Certified Valuation Analyst, has successfully passed the examination and obtained the experience requirements to be classified as Accredited in Business Valuation by the American Institute of Certified Public Accountants, is Certified in Financial Forensics by the American Institute of CPAs, and is a Certified Fraud Examiner. As for professional organizations, Jim is a member of the National Association of Certified Valuation Analysts (including past National State Chapter Chairman and past president of its Mississippi Chapter), the National Association of Forensic Economics, the American Academy of Economic & Financial Experts, the Southern Economic Association, the Association of Certified Fraud Examiners, the Mississippi Society of Certified Public Accountants (including past Chairman of the Business Valuation and Litigation Services Committee), the Alabama Society of Certified Public Accountants, the Council of Petroleum Accountants Societies, the American Bankruptcy Institute, the Society of Louisiana Certified Public Accountants (including past Chairman of the Litigation Services Committee and past Chairman of its Business Valuation Sub-Committee), and the American Institute of Certified Public Accountants (including the Business Valuation and Forensic & Litigation Services Section; he is a past member of the AICPA's National Fraud/Litigation Steering Committee). In addition, Jim is an Associate Member of the American Bar Association (including the Litigation and Family Law Sections) and is a member of the Lamar Order at the University of Mississippi.

During 2002 and 2003, Jim served as a member of the Mississippi State Board of Public Accountancy. In 2003, he served as Secretary of the Board.

Jim has qualified as an expert witness in Chancery Court for Adams, Coahoma, Copiah, Claiborne, Madison, Hinds, Rankin, Forrest, Lincoln, Lamar, Lowndes, Harrison, Hancock, Jackson, Lauderdale, Jones, Copiah, and Wayne counties in Mississippi. Additionally, he has qualified as an expert witness in Circuit Court for Hinds, Covington, Leflore, Lamar, Rankin, Copiah, Jasper, Jones, Wayne, Washington, and Jackson counties in Mississippi, Harris County, Texas, and Pinellas County, Florida, Family Court in East Baton Rouge Parish, Louisiana, United States District Court, Southern Division of Mississippi and Arbitration.

Jim has written articles for newspapers and professional publications on various tax and valuation issues, including tax aspects of divorce and estate and gift taxation. He has appeared on television programs to explain tax law, spoken to students at the University of Mississippi School of Law, the Mississippi College School of Law and various colleges and universities, and has taught university-level accounting and taxation courses. From 1997 through 2001, he authored a quarterly publication, *Divorce Fax*, for family law attorneys. His presentations have included the following:

- Jim was the speaker at the University of Southern Mississippi Foundation's October 1998 Estate Planning Conference, where he presented a program on *Recent Developments in Business Valuations & Discounts*.

- Jim presented a program on *Tax & Financial Considerations of Divorce* at an October 1998 Conference sponsored by the University of Southern Mississippi's Institute for Accounting, Tax & Business.

- In March 1998, Jim was a speaker during a seminar on *Equitable Distributions in Divorce Settlements in Mississippi: Valuation, Tax and Other Issues*, sponsored by the National Business Institute.

- In 1999, 2000, 2001, 2002, 2003, and 2004, he was a speaker at the 6th, 7th, 8th, 9th, 10th, and 11th Annual Hot Tips From the Experts – Family Law Seminar, sponsored by the Family Law Section of the Mississippi Bar Association. The seminars were held in Jackson, Mississippi.

- In July 1999, Jim was interviewed by University of Mississippi Law School professor Debbie Bell on how attorneys can better understand business valuation reports related to divorces. The interview was video taped and included as part of a series of family law seminars for attorneys.

- In March 2000, March 2001, March 2002, and February 2003, Jim presented programs on *Tax & Valuation Aspects of Divorce* to law school students in the Family Law class at the University of Mississippi School of Law.

- In May 2000, Jim presented a program on *Tax & Valuation Aspects of Divorce* to members of the Jones County Bar Association in Laurel, Mississippi.

- In July 2000, Jim presented a program on *Tax Considerations in Drafting Divorce Agreements*, which was part of University of Mississippi Law School professor Debbie Bell's *Family Law CLE* seminars, which were held in Oxford, Jackson, and Gulfport.

- In October 2000, Jim presented a program on *Frequently Asked Questions about Business Valuations* to the Society of Financial Service Professionals at their Annual Diploma Conferment Program in Jackson, Mississippi.

- In November 2000, Jim presented a program on *Tax & Valuation Aspects of Divorce* to members of the Family Law Section of the Mississippi Bar Association in Jackson, Mississippi.

- In May 2001, Jim presented a program on *Tax Aspects of Divorce* to the Jackson Tax Forum in Jackson, Mississippi.

- In May 2001, Jim, along with Tom Wofford, CPA/ABV, CVA, presented a program on *Income, Estate & Gift Tax Aspects of Divorce* to the members of the Tax Section of the Mississippi Bar Association. The seminar was held at the Mississippi Bar Association in Jackson, Mississippi.



❑ In June and July 2001, Jim presented programs on *Quantifying Marital and Separate Property* and *How to Develop an Alimony Model* for Professor Debbie Bell's *Family Law CLE* seminars, which were held in Oxford, Jackson, and Gulfport, Mississippi.

❑ In September 2001, Jim, along with Annette Turner, CPA/ABV, CVA, and Brian Schmittling, CPA/ABV, CVA, presented a program on *Selected Valuation Issues in Divorce* to the quarterly meeting of the Mississippi Chancery Judges. The program was held in Jackson, Mississippi.

❑ In September 2001, Jim presented a program on *How To Manage The Divorce Engagement* to the members of the Mississippi State Chapter of the National Association of Certified Valuation Analysts. The conference was held in Jackson, Mississippi.

❑ In October 2001, Jim presented a program on *Case Law Update: Business Valuations* for judges attending the Mississippi Judicial College's Fall Conference in Jackson, Mississippi.

❑ In April 2002, Jim presented a program on *Business Valuation Issues in Divorce* to attorneys attending the University of Mississippi Center for Continuing Legal Education's *Current Issues in Family Law* CLE seminar. The seminar was held in Jackson, Mississippi.

❑ In May 2002, Jim presented a program on *Case Law Update: Business Valuation Cases Related to Estate & Gift Taxation* to attorneys attending the 7th Annual Tax Clinic, sponsored by the Taxation Section of the Mississippi Bar Association. The seminar was held in Jackson, Mississippi.

❑ In June and July 2002, Jim presented a program on *Valuing and Dividing Pension Plans in Divorce* to attorneys and judges attending Professor Debbie Bell's 6th *Annual Family Law CLE* seminars, which were held in Gulfport, Oxford, and Jackson, Mississippi.

❑ In June 2002, Annette Turner and Jim presented a program on *Tax and Valuation Aspects of Divorce* to the Gulf Coast Chapter of the Mississippi Society of CPAs. The seminar was held in Gulfport, Mississippi.

❑ In August 2002, Jim presented a program on *Tax and Valuation Aspects of Divorce* to the Delta Chapter of the Mississippi Society of CPAs. The seminar was held at Delta State University in Cleveland, Mississippi.

❑ In September 2002, Jim presented a program on *Business Valuation Issues* to the Mississippi Tax Institute. The seminar was held in Jackson, Mississippi.

❑ In September 2002, Jim presented a program on *Business Valuations – What's The Company Worth?* to attorneys attending the University of Mississippi Center for Continuing Legal Education's *When Advising Business Is Your Business* CLE Seminar. The seminar was held in Jackson, Mississippi.

❑ In November 2002, Richard C. Roberts, III, Esquire and Jim presented a program on *Tax Aspects of Divorce in Mississippi* to attorneys attending the National Business Institute's CLE seminar. The seminar was held in Jackson, Mississippi.

❑ In November 2002, Jim was one of the speakers at the Annual Divorce Conference sponsored by the National Association of Certified Valuation Analysts. The Conference was held at the Jimmy Carter Presidential Center in Atlanta, Georgia.

❑ In November 2002, Jim presented a program on *Tax Considerations in Divorce Agreements* for attorneys attending a Family Law seminar at Louisiana State University in Baton Rouge, Louisiana.

❑ In January 2003, David G. Kostmayer, CPA, MTA and Jim published an article entitled *Income Tax Aspects of Damage Awards & Settlement Payments* for the Mississippi Society of CPAs' monthly newsletter.

❑ In May 2003, Jim presented a program on *Quantifying and Presenting Punitive Damages* as part of a series of seminars entitled *Hot Topics in Financial and Economic Litigation Issues*. The seminars were sponsored by Koerber Turner, PLLC, and held in Oxford, Jackson, and Gulfport, Mississippi.



❏ In June 2003, Annette Turner and Jim presented a program entitled *Business Valuation Overview* for a group of CPAs. The seminar was sponsored by the Mississippi Society of Certified Public Accountants and held in Jackson, Mississippi.

❏ In July 2003, Jim presented a program entitled *Goodwill: The Singley Decision* to a group of business valuators attending a meeting of the Mississippi Chapter of the National Association of Certified Valuation Analysts. The seminar was held in Jackson, Mississippi.

❏ In November 2003, Jim presented a program entitled *Quantifying & Presenting Punitive Damages* to members of the Jones County, Mississippi Bar Association during their monthly meeting. The meeting was held in Laurel, Mississippi.

❏ In December 2003, Jim presented a program entitled *Valuation Case Update* to CPAs, attorneys, bankers, and insurance professionals attending the University of Southern Mississippi Foundation's 2003 Estate Planning Conference. The conference was held in Hattiesburg, Mississippi.

❏ In January 2004, Jim published an article entitled *Presenting Financial Data for Punitive Damages – An Opportunity for the CPA* for the Mississippi Society of CPAs' monthly newsletter.

❏ In February 2004, Jim presented a program entitled *Valuation Case Update* to CPAs, tax attorneys, bankers, and insurance professionals attending the Mississippi Estate Planning Council's monthly meeting, which was held in Jackson, Mississippi.

❏ In April 2004, Jim presented a program entitled *Business Valuation Issues in Divorce* to attorneys attending the Family Law Update 2004 continuing legal education seminar sponsored by The University of Mississippi's Center for Continuing Legal Education. The seminar was held in Jackson, Mississippi.

❏ In May 2004, Jim presented a program entitled *Investigative Accounting in Divorce (or, Oops, I forgot about that!)* to attorneys attending the Practical Practice Seminar sponsored by the Mississippi Trial Lawyers Association. The seminar was held in Jackson, Mississippi.

❏ In June 2004, Annette Turner, CPA/ABV, CVA and Jim presented a program entitled *Divorce Issues: The CPA's Role In Advising Divorced And Separated Clients* to Certified Public Accountants and Attorneys attending the Continuing Professional Education Seminar sponsored by the Mississippi Society of Certified Public Accountants. The seminar was held in Jackson, Mississippi.

❏ In September 2004, Jim presented a program entitled *Presenting Financial Data for Punitive Damages* to Certified Public Accountants attending the 2004 National Fraud & Litigation Services Conference, which was sponsored by the American Institute of Certified Public Accountants. The conference was held in Phoenix, Arizona.

❏ In October 2004, Brian Schmittling and Jim presented a program entitled *How to do a Life Expectancy: Value of Future Damages, and How to Present Economic Damages* to attorneys attending the Anatomy of a Trial CLE, which was sponsored by the Mississippi Trial Lawyers Association. The conference was held in Hattiesburg, Mississippi.

❏ In November 2004, Jim presented a program entitled *Business Valuations and the Small Business* to students in Mr. Harold D. Miller's business class at Millsaps College in Jackson, Mississippi.

❏ In June 2005, Jim presented a program entitled *Tax Aspects of Settlements & Awards* to attorneys attending the Mississippi Trial Lawyers Association's 2005 Annual Convention. The convention was held in New Orleans, Louisiana.

❏ In July 2005, Jim presented a program entitled *Presenting Financial Data for Compensatory and Punitive Damages* to attorneys attending the Jones County Bar Association's CLE Seminar. The seminar was held in Laurel, Mississippi.

❏ In August 2005, Jim presented a program entitled *Finding Hidden Assets in Divorce (or, Oops, I forgot about that!)* to Louisiana Trial Lawyers Association's 2005 Family Law Conference. The Conference was held in Baton Rouge, Louisiana.

❑ In August 2005, Jim presented a program entitled *Tax Aspects of Settlements & Awards* to the Jones County Bar Association during their monthly meeting. The meeting was held in Laurel, Mississippi.

❑ In November 2005, Jim was the keynote speaker at the swearing in ceremonies for the new CPAs in Mississippi. The ceremony was sponsored by the Mississippi State Board of Public Accountancy and held at the Mississippi State Capitol in Jackson, Mississippi.

❑ In May 2006, Jim presented a program entitled *Business Interruption Claims* for CPAs attending the Mississippi Society of CPAs' Accounting & Auditing Conference. The Conference was held in Jackson, Mississippi.

❑ In June 2006, Jim presented a program entitled *Analyzing and Calculating Lost Profits and Business Interruption Claims* for attorneys attending the Mississippi Trial Lawyer Association Convention, which was held in Memphis, Tennessee.

❑ In June 2006, Ken Csalpar, an investment banker with Trenwith Securities in Boston, Massachusetts, and Jim presented a program entitled *What is My Business Worth? What to Look for When Determining the Value of Your Business*. The program was held in Jackson, Mississippi.

❑ In September 2006, Nancy Fannon (a Portland, Maine CPA and business valuator), Joseph Jaffe (a New York City attorney), and Jim presented a program on issues in divorce. Jim spoke on *Tax Aspects of Divorce*. The program was presented at the American Institute of CPAs' National Fraud & Litigation Services Conference, which was held in Las Vegas, Nevada.

❑ In November 2006, Jim presented a program entitled *Business Interruption Claims* for the 2006 Valuation & Litigation Workshop for the Mississippi Society of CPAs. The program was held in Ridgeland, Mississippi.

❑ In February 2007, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to the Jones County Bar Association during their monthly meeting. The meeting was held in Laurel, Mississippi.

❑ In November 2007, Jim was on a panel of 6 CPAs (other CPAs included George Panzeca, Holly Sharp, Ralph Stephens, Charles Theriot, and Doug Tymkiw) with extensive experience in litigation services in Louisiana. The panel covered questions and issues related to *Ethics & Professionalism in the Performance of Litigation Services*. The panel discussion was part of the 2007 Litigation Services Workshop sponsored by the Society of Louisiana CPAs and was held in Kenner, Louisiana.

❑ In November 2007, Jim presented a program entitled *Case Law Update: Lost Profits* for the 2007 Valuation & Litigation Workshop for The Mississippi Society of CPAs. The program was held in Ridgeland, Mississippi.

❑ In May 2008, Jim presented a program entitled *Case Law Update: Estate & Gift Tax Valuations* for the Mississippi Bar Association Taxation Section's 2008 Tax CLE seminar. The program was held in Jackson, Mississippi.

❑ In July 2008, Jim presented a program entitled *Case Law Update: Estate & Gift Tax Valuations* for the Mississippi Bar Association's 2008 Annual Meeting & Summer School (Estate & Trusts and Taxation Joint Section Annual Meeting). The program was held in Destin, Florida.

❑ In July 2008, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to the Lafayette County Bar Association during their monthly meeting. The meeting was held in Oxford, Mississippi.

❑ In October 2008, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to the Madison County Bar Association during their monthly meeting. The meeting was held in Ridgeland, Mississippi.

❑ In February 2009, Jim presented a program on *Business Valuation Overview* to law school students at the Mississippi College School of Law in Jackson, Mississippi.

❑ In July 2009, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to attorneys attending the Mississippi College School of Law's Marathon CLE. The seminar was held at the Mississippi College School of Law in Jackson, Mississippi.

❑ In November 2009, Jim presented a program entitled *Daubert and the Financial Expert* to CPA attending the Mississippi Society of CPAs' 2009 Valuation & Litigation Services Workshop. The seminar was held in Ridgeland, Mississippi.

**James A. Koerber**
*Certified Public Accountant*
*Accredited in Business Valuation*
*Certified Valuation Analyst*
*Certified Fraud Examiner*
*Certified in Financial Forensics*

## Prior Testimony and Depositions
### (Past Four Years)

James Walker and Jane Walker v. Stephen Edward Safran; Capitol USA, LLC; River Associates, LLC; Billy Barnes Enterprises, Inc.; and Michael Johnson
(Personal Injury Damages; Deposition, July 2005)
United States District Court, Southern District of Mississippi, Southern Division
Cause No. 1:2003CV625GRO

Robert J. Weierman, MD v Gulf Coast Orthopaedic Clinic, PA and MedPro Physician Management, LLC
(Lost Profits, Deposition, August 2005)
Chancery Court of Harrison County, Mississippi
Cause No. 04-00851-4

Barthel D. Waggoner and Jacqueline M. Waggoner v. Edward A. Williamson, Individually; Edward A. Williamson, PA; and Miller & Associates
(Breach of Contract, Deposition, August 2005)
Circuit Court of Adams County, Mississippi
Civil Action Number 03-KV-0151-J

The Estate of Vannie Foster by and through Linda Faye Foster v. Mariner Health Care, Inc. et al
(Punitive Damages, Deposition, November 2005)
Circuit Court of Bolivar County, Mississippi
Eleventh Judicial District
Cause No. 2001-38

Ina S. Dillon, et al v. Mariner Health Care, Inc., et al
(Punitive Damages; Deposition, November 2005)
Circuit Court of Walthall County, Mississippi
Civil Action No. 2002-204

Isabelle "Belle" Christian, by and through her son and next friend, Otis Christian, on behalf of the wrongful death beneficiaries and as administrator of the Estate of Isabelle "Belle" Christian, deceased v. Beverly Enterprises – Mississippi, Inc., et al
(Punitive Damages, Deposition, December 2005)
Circuit Court, Second Judicial District, Bolivar County, Mississippi
Civil Action No. 2002-139

Ollie Selby, by and through her grandson and next friend, Jerry Gomillia, on behalf of the wrongful death beneficiaries and as the Administrator of the Estate of Ollie Selby, deceased v. Beverly Healthcare – Cleveland, et al.
(Punitive Damage, Deposition, December 2005)
Circuit Court, Second Judicial District, Bolivar County, Mississippi
Civil Action No. 2002-143

**James A. Koerber, CPA/ABV, CVA, CFE, CFF**          **Prior Testimony & Depositions**

Mary Boddie, individually and on behalf of the Estate and Wrongful Death beneficiaries of David Green v. Beverly Enterprises – Mississippi, Inc., et al.
(Punitive Damage, Deposition, February 2006)
Circuit Court, First Judicial District, Hinds County, Mississippi
Cause No. 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CIV

James Kenneth Hensarling v. Brenda Roxanne Gray Hensarling
(Marital Estate Items, Trial Testimony, February 2006)
Chancery Court, Hinds County, Mississippi
Civil Action No. G95-2632 S/2

Paul T. Benton v. Merrill M. Benton
(Divorce, Deposition, March 2006)
Chancery Court, Harrison County, Mississippi
Cause No. C2402-04-01130

Estate of Charlie Phillips, Deceased v. Patricia Quillen Phillips
(Estate, Deposition, April 2006)
Chancery Court, Rankin County, Mississippi
Civil Action No. 53440

James A. Bounds v. Teresa Wilson Bounds
(Divorce, Trial Testimony, May 2006)
Chancery Court, Jones County, Mississippi
Cause No. 2005-0084E

The Estate of Fodie Bagwell, by and through James Wilburn, Individually and as Personal Representative of the Estate of Fodie Bagwell and on Behalf of the Wrongful Death Beneficiaries of Fodie Bagwell v. Beverly Enterprises, Inc.; Beverly Health & Rehabilitation Services, Inc.; Beverly Enterprises – Mississippi, Inc.; James C. Landers; Antoinette Lambert; Unidentified Entities 1 through 10 and John Does 1 through 10 (as to Beverly Healthcare – Batesville)
(Punitive Damages, Deposition, June 2006)
Circuit Court, Panola County, Mississippi
Cause No. CV2004-193BP2

G&A Wood, Inc., Willie Buxton, and Lloyd Crowell v. Georgia-Pacific Corporation, Mike McCollom, and Roy West, Jr.
(Lost Profits, Deposition, July 2006)
Circuit Court, Jasper County, Mississippi
Cause No. 11-0015

In the Matter of The Estate of Lucille H. Hart, Deceased
(Forensic Accounting, Trial Testimony – Court Appointed, July 2006)
Chancery Court, Madison County, Mississippi
Civil Action No. 2002-569

The Estate of Letha M. Gray, by and through Ella Rudd, Administratrix of the Estate of Letha M. Gray, and for the Use and Benefit of the Wrongful Death Beneficiaries of Letha M. Gray v. Beverly Enterprises – Mississippi, Inc.; Beverly Health and Rehabilitation Services, Inc.; Hinds County Nursing and Rehabilitation Center, LLC; Trend Consultants, LLC; James C. Landers; David Devereaux, David R. Banks; Lewis Sewell; Charlie R. Sinclair, Jr.; Bobbie Lucille Blackard; Alicha D. Lindsay; John does 1 through 10; and Unidentified Entities 4 through 10 (as to Beverly Healthcare – Northwest n/k/a Hinds County Nursing and Rehabilitation Center)
(Punitive Damages, Deposition, August 2006)
Circuit Court, Hinds County, Mississippi
Cause No. 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CIV

James A. Koerber, CPA/ABV, CVA, CFE, CFF         Prior Testimony & Depositions

The Estate of Geneva G. Rushing, by and through Dorothy Sheriff, Administratrix of the Estate of Geneva
G. Rushing, for the Use and Benefit of the Estate of Geneva G. Rushing, and for the Use and Benefit of the
wrongful Death Beneficiaries of the Estate of Geneva G. Rushing v. Beverly Enterprises – Mississippi,
Inc.; Beverly Health and Rehabilitation Services, Inc.; James C. Landers; David R. Devereaux; David R.
Banks; Lewis G. Sewell; Charlie R. Sinclair, Jr. a/k/a Chuck Sinclair; Alicha Lindsay; John Does 1 through
10; and Unidentified Entities 1 through 10; (as to Albemarle Health Care Center, f/k/a Beverly Healthcare –
Northwest)
(Punitive Damages, Deposition, August 2006)
Circuit Court, Hinds County, Mississippi
Cause No. 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CIV

Robert E. Floyd v. Joel W. Little and Morris Petroleum, Inc.
(Personal Injury, Deposition, September 2006)
Circuit Court, Simpson County, Mississippi
Civil Action No. 2002-302

Kimberly Zunner v. Florida Pool Products, Inc., et al
(Punitive Damages, Deposition, September 2006; Trial Testimony, November, 2006)
Circuit Court for Pinellas County, Florida
Uniform Case Number: 522000CA008744
Reference Number: 00-008744-CI-19

James R. Thompson d/b/a Eastside Auto Sales and Wife, Patricia Thompson v. The People Bank & Trust
Company, et al.; James R. Thompson v. Camille Black, et al.
(Lost Profits, Deposition, October 2006)
Circuit Court, Union County, Mississippi
Causes No. U-2000-225 and U-2002-399

Bonnie Elaine Fazzio v. Kenneth Fazzio
(Divorce, Trial Testimony, November 2006)
Chancery Court, Harrison County, Mississippi
Combined Cause No. C2401-04-0778(1)

HICO, Inc. v. Titan Indemnity Company, United States Fidelity and Guaranty Company, St. Paul Fire and
Marine Insurance Company and St. Paul Travelers
(Lost Profits/Value of Business, Deposition, December 2006)
District Court, 224th Judicial District, Bexas County, Texas
Civil Action No. 2005-CI-07753

Cliplight Manufacturing Company v. Highside Chemicals, Inc.
(Lost Profits, Deposition, January 2007)
United States District Court, Southern District of Mississippi, Southern Division
Civil Action No. 1:02cv84LG-JMR

Investor Resource Services, Inc., A Florida Corporation; Barbara Archuletta Morelli and The Estate of
Bernece Rigirozzi v. Marvin Cato, Charles Cato, and Laverne Cato and Rainbow Entertainment, Inc.
(Shareholder Oppression Litigation, Testimony – Hearing, March 2007)
Circuit Court, Washington County, Mississippi
Civil Action No. CI-2004-251

Deborah Gayle Thornton West v. Charles Timothy West
(Divorce, Trial Testimony, April 2007)
Chancery Court, Jones County, Mississippi
Cause No. 94-0191(E)

James A. Koerber, CPA/ABV, CVA, CFE, CFF     **Prior Testimony & Depositions**

Choctaw Generation Limited Partnership and Choctaw Generation, Inc. v Toshiba International Corporation
(Lost Profits, Deposition, May 2007)
United States District Court
Northern District of Mississippi, Eastern Division
Cause No. 1:06cv3-DD

Stanley McLemore v. Lincoln Electric Co.; The BOC Group f/k/a Airco, Inc.; The ESAB Group, Inc.; Hobart Brothers Company; TDY Industries, Inc. f/k/a Teledyne Industries, Inc.; Union Carbide Chemicals and Plastic company, Inc., formerly d/b/a Linde; Capweld, Inc.; Industrial Welding Supplies of Hattiesburg, Inc. d/b/a Nordan Smith Welding Supplies, Inc.; Mid-South Welding Supply, Inc.; Southern Welding Supply, Inc.; and John Doe Defendants 1-20
(Personal Injury, Deposition, May 2007, Trial Testimony, November 2008)
Circuit Court, Copiah County, Mississippi
Civil Action No. 2005-0378

Shamrock Drilling Company, Inc. v Quality Drilling Fluids, Inc.
(Lost Profits, Deposition, June 2007)
Circuit Court, Adams County, Mississippi
Civil Action No. 05-KV-0070-S

Janis Whitten, et al v Michelin Americas Research 7 Development Corporation, et al
(Personal Injury and Wrongful Death, Deposition, November 2007)
United States District Court, Western District of Tennessee, Western Division
Number: 05-2761-MI V

Tellus Operating Group, LLC, et al v Texas Petroleum Investment Company, et al (No. 2004-307) consolidated with Tellus Operating Group, LLC, et al v Total Petrochemicals, USA, Inc. (No. 2007-3)
(Lost Profits, Deposition, November 2007, Trial Testimony, November 2008)
Circuit Court, Lamar County, Mississippi

Christopher Morris v Mississippi State Hospital and Jeana K. Smith
(Personal Injury, Trial Testimony, December 2007)
Circuit Court, Rankin County, Mississippi
Civil Action File No. 2002-254

M. Brian Raines, as Administrator of the Estate of Michael C. Raines, deceased v Kittle Heavy Hauling, Inc., et al.
(Wrongful Death, Trial Testimony, February 2008)
Circuit Court, Leflore County, Mississippi
Civil Action No. CV 2002-0043CI

Joyce Hamilton Spradling v Ivy Dean Spradling, et al
(Divorce, Trial Testimony, April 2008)
Chancery Court, Coahoma County, Mississippi
Civil Action No. 2006-523

Tammy Rae Combs, Individually and on Behalf of the Estate of Ray Combs v Sun Healthcare Group, Inc.; Sunbridge Healthcare Corporation; Sunbridge Care Enterprises, Inc.; Sunbridge Dunbar Health Care Corp d/b/a Sunbridge Care and Rehab for Dunbar; Tammy Jo Painter; John Does 1 through 10; and Unidentified Entities 1 through 10
(Punitive Damages, Deposition, June 2008)
Circuit Court, Kanawha County, West Virginia
Cause No. 07-C-1057

The Koerber Company, P.A.                                                                              4

**James A. Koerber, CPA/ABV, CVA, CFE, CFF**                    <u>Prior Testimony & Depositions</u>

Food Giant Supermarkets, Inc. v 145 Associated, LTD
(Lost Profits, Deposition, June 2008)
United States District Court, southern District of Mississippi, Southern Division
Case No. 1:06CV609LG-JMR

Scott David Trahan v Margaret Garrison Trahan
(Divorce, Deposition, September 2008; Trial Testimony, October 2008)
The Family Court of East Baton Rouge Parish, Louisiana
No. 162,982

Edna Harris, Individually, and as Administratrix of the Estate of Desmonde Harris and James Harris, Individually v Jeffrey A. Middleton, Individually and in his Official Capacity as an Officer of the Jackson Police Department, the Jackson Police Department, the City of Jackson and John Does 1-10
(Wrongful Death, Trial Testimony, December 2008)
Circuit Court, Hinds County, Mississippi
Civil Action Number: 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CIV

Kimberly A. Dedeaux Braun v Robert A. Braun
(Divorce, Hearing Testimony, December 2008 & August 2009; Deposition, November 2009)
Chancery Court, Harrison County, Mississippi
Cause No. 07-01028(4)

Stacey Voss v Ric Voss
(Divorce, Trial Testimony, December 2008)
Chancery Court, Lamar County, Mississippi
Cause No. 2008-011-GN-TH

Mississippi Phosphates Corporation v Furnace and Tube Service, Inc. and Analytic Stress Relieving, Inc.
(Lost Profits, Deposition, March 2009; Trial Testimony, October 2009)
United States District Court, Southern District of Mississippi, Southern Division
Cause No. 1:07cv1140LG-RHW

Christopher Etheridge, et al v Amanda Hunter, et al
(Personal Injury, Trial Testimony, March 2009)
Circuit Court, 2nd Judicial District, Hinds County, Mississippi
Civil Action No. 2006-47

Mary Ann West Sheffield v Trenton Russell Sheffield
(Divorce, Trial Testimony – Court Appointed, March 2009)
Chancery Court, Lowndes County, Mississippi
Civil Action No. 07-0259

Unity Communications, Inc. v AT&T Mobility, LLC
(Lost Profits, Deposition, April 2009)
United States District Court for the Southern District of Mississippi, Hattiesburg Division
Civil Action No. 02:03cv115-KS-MTP

Billy Jack McDaniel, A'Leta McDaniel Individually and as Next Friend of Carney McDaniel, a Minor v Smith International, Inc. and Sonerra Resources Corporation
(Personal Injury, Deposition, May 2009; Deposition, June 2009; Hearing, July 2009)
61st Judicial District, Harris County, Texas
Cause No. 2007-75537

James A. Koerber, CPA/ABV, CVA, CFE, CFF        Prior Testimony & Depositions

Deon Esterhuizen, et al v KinderCare Learning Centers, Inc., Knowledge Learning Corporation, et al
(Financial Analysis for Punitive Damages, Deposition, June 2009; Trial Testimony July 2009)
In the Circuit Court in and for Pinellas County, Florida
Uniform Case Number: 522007CA012915XXCICI
Reference Number: 07-012915-CI-19

Tyrone E. Thomas v Jason S. Pittman, American Air Specialists, Inc., MetLife Auto & Home Insurance
Agency, Inc., and/or XYZ Insurance Company, Uninsured Insurance Carrier of Tyrone E. Thomas
(Personal Injury, Deposition, June 2009; Trial Testimony, July 2009)
Circuit Court of Covington County, Mississippi
Civil Action No. 2007-118C

George Strong, Jr. and Jean Hancock, et al v Deanna Snyder and Interstate Distributor Company
(Personal Injury, Deposition, June 2009)
United States District Court, Southern District of Mississippi, Hattiesburg division
Civil Action No. 2:08cv145-KS-MTP

Argueta Mariano Palacios, et al v Darel Thigpen, et al
(Wrongful Death, Deposition, July 2009)
First Judicial District, Circuit Court of Hinds County, Mississippi
Civil Action No. 251-08-561CIV

Robert Bodry v Robert C. Martin, et al
(Personal Injury, Deposition, July 2009)
Circuit Court of Attala County, Mississippi
Civil Action No. 06-0244-CV-L

J.T. Shannon Lumber Company, Inc. v Gilco Lumber, Incorporated, Jianliang "Gary" Xu, Claire Chen, and
John Does 1, 2, and 3
(Lost Profits, Deposition, October 2009)
United States District Court, Northern District of Mississippi, Delta Division
Cause No. 2:07cv119-P-A

Angela Kirkley Hayes v Randall Edward Hayes
(Alimony Analysis; Trial Testimony, November 2009)
Chancery Court of Lincoln County, Mississippi
Cause No. 2009-0079

Nick Welch, et al v George Solomon, et al
(Lost Profits, Trial Testimony, December 2009)
Arbitration Reference No. 09-A005, Jones County, Mississippi

# FLOYD HOBBS, JR. AND CYNTHIA BEVINGTON
## PLAINTIFFS

### V.

# LEGG MASON INVESTMENT COUNSEL & TRUST CO., N.A.
## DEFENDANT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION
### CAUSE NO. 3:09CV009-SA-DAS

### AMENDED EXPERT REPORT
### REBUTTAL AND ECONOMIC ANALYSIS

### AUGUST 30, 2010

This report has been prepared for the sole purpose of rebutting the Damage Report prepared by Roderick S. Russ, III, CPA and providing an economic analysis as it relates to Floyd Hobbs, Jr. and Cynthia Bevington v. Legg Mason Investment Counsel & Trust Company, N.A.; United States District Court, Northern District of Mississippi, Western Division; Cause No. 3:09cv009-SA-DAS. It should not be distributed or circulated, quoted from, or cited in any manner that is not consistent with this purpose.

©The Koerber Company, P.A., 2010, *All Rights Reserved.* No part of this report may be reproduced, stored in a retrieval system, or transmitted in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of The Koerber Company, P.A.



# THE KOERBER COMPANY, PA
## Valuation & Litigation Services

# TABLE OF CONTENTS

| SECTION | PAGE |
|---|---|
| DOCUMENTS | 2 |
| ANTICIPATED TESTIMONY | 3 |
| DISCUSSION | 4 |
|     BACKGROUND INFORMATION | 4 |
|     REBUTTAL | 4 |
|     CONCLUSION | 8 |
| RESERVATION OF RIGHT TO AMEND | 9 |
| REBUTTAL TESTIMONY | 9 |
| TRIAL EXHIBITS | 9 |
| PRIOR TESTIMONY | 9 |
| PUBLICATIONS | 9 |

| APPENDICES | DESCRIPTION |
|------------|-------------|
| APPENDIX A | AMENDED ECONOMIC DAMAGES REPORT PREPARED BY RODERICK S. RUSS, III, CPA |
| APPENDIX B | CURRICULUM VITAE AND PRIOR TESTIMONY AND DEPOSITIONS |

*Hobbs & Bevington v. Legg Mason Investment Counsel & Trust Co, N.A.*                    *Expert Report*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FLOYD HOBBS, JR. AND CYNTHIA BEVINGTON                              **PLAINTIFFS**

V.                                                  CAUSE NO. 3:09CV009-SA-DAS

LEGG MASON INVESTMENT COUNSEL & TRUST                      **DEFENDANT**
COMPANY, N.A.

EXPERT REPORT OF JAMES A. KOERBER

I, James A. Koerber, CPA/ABV, CVA, CFE, CFF, am a shareholder in The Koerber Company, P.A. located in Hattiesburg, Mississippi. I have over 30 years of experience in public accounting, which includes tax, audit, and management advisory services, and have prepared hundreds of business valuation and expert witness reports.

I graduated from Mississippi State University with a major in Banking and Finance and obtained an additional major in Accounting at Louisiana State University. I was a president of the Southeast Chapter of the Mississippi Society of CPAs, and from April 1987 to April 1989, served as Foreman of a Federal Grand Jury for the Southern District of Mississippi.

I am licensed as a Certified Public Accountant in Mississippi, Alabama, and Louisiana. I am also a Certified Valuation Analyst, have successfully passed the examination and obtained the experience requirements to be classified as Accredited in Business Valuation by the American Institute of Certified Public Accountants, am a Certified Fraud Examiner, and am Certified in Financial Forensics by the American Institute of Certified Public Accountants. As for professional organizations, I am a member of the National Association of Certified Valuation Analysts (including past National State Chapter Chairman and past President of its Mississippi Chapter), the Mississippi Society of Certified Public Accountants (including past Chairman of the Business Valuation and Litigation Support Services Committee), the Society of Louisiana Certified Public Accountants (including past Chairman of the Litigation Services Committee), and the American Institute of Certified Public Accountants (including the Valuation and Forensic Services Section and past member of the National Fraud/Litigation Steering Committee).

I have qualified as an expert witness in Chancery Court for Adams, Jackson, Coahoma, Lowndes, Lincoln, Hancock, Hinds, Claiborne, Rankin, Forrest, Madison, Lamar, Harrison, Lauderdale, Jones, Copiah, and Wayne counties in Mississippi. I have also qualified as an expert witness in Circuit Court for Copiah, Covington, Washington, Leflore, Jones, Jasper, Wayne, Hinds, and Jackson counties in Mississippi and Pinellas County, Florida; Civil Court in Harris

---

*The Koerber Company, P.A.*                                                                 1

©The Koerber Company, P.A., 2010, *All Rights Reserved*

County, Texas; Family Court in East Baton Rouge Parish, Louisiana; Ninth Judicial District of Rapides Parish, Louisiana; and United States District Court for the Southern District of Mississippi. My fee for this engagement is $275 per hour. The hourly rate for others working under my supervision on this project ranged from $75 per hour to $225 per hour.

## DOCUMENTS

In preparing this expert report, I have considered the following documents:

1. Complaint, *Floyd Hobbs, Jr. and Cynthia Bevington v. Legg Mason Investment Counsel, LLC and Legg Mason Investment Trust, Inc.*, United States District Court, Northern District of Mississippi, Western Division, Cause No. 3:09cv009-A-A; filed January 21, 2009.

2. Defendant's Responses to Plaintiffs' First Set of Request for Production of Documents.

3. Defendant's Responses to Plaintiffs' First Set of Interrogatories.

4. Defendant's Responses to Plaintiffs' First Set of Requests for Admissions.

5. Case Management Order.

6. Order Substituting Party Defendant.

7. Agreed Order Extending Case Management Order Deadlines.

8. Plaintiffs' Designation of Expert Witnesses

9. Expert Report of Roderick S. Russ, III, CPA, dated December 22, 2009.

10. Documents Bate Stamped Hobbs-0000 to Hobbs-03717, LM-0001 to LM-0993.

11. Yahoo! Finance, www.finance.yahoo.com; accessed January 16, 2010.

12. Plaintiffs' Supplemental Designation of Expert Witness.

13. Amended Expert Report of Roderick S. Russ, III, CPA, dated July 30, 2010.

14. TaxAlmanac, www.taxalmanac.org; accessed August 26, 2010.

15. Bate Stamped documents LM-0195 through LM-0993.

16. Response to Floyd Hobbs, Jr. and Cynthia Bevington's Second Set of Interrogatories to Legg Mason Investment Counsel & Trust Co., N.A.

17. Response to Floyd Hobbs, Jr. and Cynthia Bevington's Third Set of Requests for Production of Documents to Legg Mason Investment Counsel & Trust Co., N.A.

©The Koerber Company, P.A., 2010, *All Rights Reserved*

*Hobbs & Bevington v. Legg Mason Investment Counsel & Trust Co, N.A.*      *Expert Report*

## ANTICIPATED TESTIMONY

If called as a witness at trial, I will testify to the following:

The damage report submitted by Roderick S. Russ, III, CPA (the Russ Report) is flawed and speculative and based on conjecture due to the following issues:

- ☐ The Russ Report overstates as damages the interest expense assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month that they were notified that the tax was due.

- ☐ The Russ Report overstates as damages the penalties assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month they were notified that the tax was due. Additionally, the Russ Report speculates that the penalties will not be abated when penalties for one tax year have already been abated.

- ☐ The Russ Report overstates as damages the sale of PepsiCo, Inc. stock, including loss of dividend income and estimated commissions and fees on the repurchase of the stock, by ignoring the historical price of the stock and the delay by the Plaintiffs in paying the tax and interest.

- ☐ The Russ Report overstates as damages the professional fees by failing to remove the cost of litigation and the filing of tax returns from the amount claimed as professional fees.

- ☐ The Russ Report overstates as damages the interest expense related to the Bank of Holly Springs by failing to consider relevant factors such as the delay by the Plaintiffs to pay the taxes and interest, the sale of stock instead of securing a loan, and the financial ability of the Plaintiffs to pay the taxes and interest from other assets.

- ☐ The Russ Report overstates as damages the overpayment of generation skipping transfer tax and related interest by failing to consider the primary purpose of the Edward and Bernice Johnson Charitable Trust and the tax implications of losing the status as a charitable trust.

- ☐ The Russ Report fails to identify other relevant factors that would have an effect on the alleged damages.

I express no opinion with regard to liability.

---

*The Koerber Company, P.A.*      3

©The Koerber Company, P.A., 2010, *All Rights Reserved*

# DISCUSSION

## BACKGROUND INFORMATION

According to the Complaint, the Plaintiffs allege that the Defendant failed to advise the Plaintiffs that certain distributions made by the trust administered by the Defendant and another co-trustee were subject to the generation skipping transfer tax and did not provide the Plaintiffs with the appropriate tax forms and documentation necessary for them to make a timely payment of the generation skipping transfer tax for the tax years 2004, 2005, 2006, and 2007. The Defendant states that the occurrence of distributions to a "skip" beneficiary is a rare occurrence that had not been encountered previously, and for that reason, no customary methods existed for notifying recipients.

## REBUTTAL

A review of the damage report of Roderick S. Russ, III, CPA (the Russ Report) indicates there were errors and speculation used in the calculation of damages.

## OVERPAYMENT OF INDIVIDUAL INCOME TAX

According to the Russ Report, as a result of the late notice of the generation skipping transfer tax, Mr. Hobbs had an overpayment of individual income taxes for 2004, 2005, 2006, 2007, and 2008 of approximately $12,416. For the same period, the Russ Report indicates an overpayment of individual income taxes for Ms. Bevington of approximately $18,387.

These alleged overpayments were presented in summary form instead of a detailed analysis in the Russ Report. Additionally, the 2004, 2005, 2006, 2007, and 2008 Individual Income Tax Returns (Form 1040) for Mr. Hobbs and Ms. Bevington were not provided as of the date of my report. Without the detail analysis and the prior years' Individual Income Tax Returns, I am unable to conduct an analysis to determine if these income taxes were properly calculated. Therefore, I request that the detail analysis and Individual Income Tax Returns be provided to complete this portion of my analysis.

If the alleged overpayments of individual income tax were overstated as a result of incorrect calculations by the Russ Report, then estimated damages for overpayment of individual income taxes and related lost interest income would be overstated.

## INTEREST CHARGED BY INTERNAL REVENUE SERVICE

According to the Russ Report, Mr. Hobbs was charged $69,167 in interest expense for the late payment of the generation skipping transfer tax for the 2004, 2005, and 2006 tax years by the Internal Revenue Service. For the same tax years, Ms. Bevington was charged $69,137 in interest expense by the Internal Revenue Service. These amounts were paid in August 2008 and November 2008.

---

©The Koerber Company, P.A., 2010, *All Rights Reserved*

*Hobbs & Bevington v. Legg Mason Investment Counsel & Trust Co, N.A.*     ***Expert Report***

The Russ Report fails to account for the delay by the Plaintiffs to pay the generation skipping tax in March 2008, the month that they were notified. The Plaintiffs' professional advisors would be aware that a delay in payment would result in additional interest to the Plaintiffs. Therefore, the Russ Report incorrectly includes as damages the interest expense when it was paid rather than what would have been owed in March 2008, the month that they were notified. Because of this, the Russ Report overstates interest charged by the Internal Revenue Service and the related lost interest income, which results in an overstatement of damages.

### PENALTIES CHARGED BY INTERNAL REVENUE SERVICE

According to the Russ Report, Mr. Hobbs was charged $133,040 in penalties, along with interest expense on the penalties, for the late payment of the generation skipping transfer tax for the 2004, 2005, and 2006 tax years by the Internal Revenue Service. For 2004 and 2006 tax years, Ms. Bevington was charged $87,516 in penalties, along with interest expense on the penalties, by the Internal Revenue Service. The penalties charged to Ms. Bevington for the 2005 tax year have been abated by the Internal Revenue Service. Additionally, the penalties claimed as damages have not been paid because the Plaintiffs are asking the Internal Revenue Service to abate the penalties.

The Russ Report fails to account for the delay by the Plaintiffs to pay the generation skipping tax in March 2008, the month that they were notified. The Plaintiffs' tax advisors should be aware that any delay in payment would result in additional penalties to the Plaintiffs. Therefore, the Russ Report incorrectly includes as damages the penalties and the related interest expense according to the Internal Revenue Service notices instead of determining penalties as of March 2008, the month that they were notified. Because of this, the Russ Report overstates penalties and related interest charged by the Internal Revenue Service and overstates the damages.

Additionally, the Russ Report speculates that all penalties assessed by the Internal Revenue Service will be paid. The Plaintiffs are appealing the penalties, and the 2005 penalties assessed to Ms. Bevington have been abated. Therefore, the penalties for the other years for Mr. Hobbs and Ms. Bevington would be abated, just as 2005 penalties were abated. The facts related to the 2005 penalties assessed to Ms. Bevington are the same facts related to her 2004 and 2006 tax years and Mr. Hobbs's 2004, 2005, and 2006 tax years. Because of this, the Russ Report is speculating on the amount of penalties that might be paid in the future and overstates the damages.

### STOCK LIQUIDATION LOSS ON PEPSICO, INC. STOCK SALE

According to the Russ Report, Mr. Hobbs and Ms. Bevington sold stock in PepsiCo, Inc. to pay the tax and related interest expense. The stock was sold for approximately $55 per share in December 2008. The Russ Report alleges that the difference in the price of the PepsiCo, Inc. stock in December 2008 and the price of $61.62 per share in November 2009 would represent a loss to the Plaintiffs. Additionally, the Russ Report includes loss of dividend income and the estimated commissions and fees on repurchase of the PepsiCo, Inc. stock. Using this flawed analysis, the Russ Report incorrectly includes damages of $64,821 to Mr. Hobbs and $72,801 to Ms. Bevington.

---

©The Koerber Company, P.A., 2010, *All Rights Reserved*

*Hobbs & Bevington v. Legg Mason Investment Counsel & Trust Co, N.A.*          *Expert Report*

The Russ Report ignores the fact that the Plaintiffs were notified in March 2008 of the generation skipping transfer tax. It also ignores the fact that the taxes and interest were not paid until August 2008. Instead, the Russ Report incorrectly takes the price of the PepsiCo, Inc. stock in December 2008 as a basis for damages and ignores the trading history of PepsiCo, Inc. stock during the period of March 2008, which is the month the Plaintiffs were notified, to November 2008, the month prior to the sale of the stock.

If the Russ Report had considered the trading history of PepsiCo, Inc. stock during the period of March 2008 to September 2008, it would have discovered that the price per share of stock exceeded the December 2008 stock price and the November 2009 stock price during the seven months of March, April, May, June, July, August, and September 2008. The average price per share during this seven-month period was approximately $68.42. The Russ Report also ignored the average historical PepsiCo, Inc. stock price for 2004 ($51.26), 2005 ($55.82), 2006 ($61.23), 2007 ($68.74), and the first two months of 2008 ($65.42).

The Plaintiffs had the decision of when to sell the PepsiCo, Inc. stock and could have sold the PepsiCo, Inc. stock when they paid the taxes and interest in August 2008 or at any time during the period of March 2008 and September 2008, when the PepsiCo, Inc. stock price was higher than the $61.62 stock price cited by the Russ Report. However, the Plaintiffs chose to sell the PepsiCo, Inc. stock in December 2008.

The Russ Report's concept of including the appreciation of stock sold as damages is flawed. If a stock had been sold and the stock price subsequently dropped, it would be incorrect to include an adjustment for the decline as a reduction of damages, just as it would be incorrect to include an adjustment for an increase in damages. Additionally, the Russ Report failed to consider other assets available for payment of the taxes and interest.

Therefore, the Russ Report is flawed by including the subsequent appreciation of the PepsiCo stock, which overstates damages.

## PROFESSIONAL FEES INCURRED

The Russ Report includes as damages professional fees and other expenses related to the generation skipping transfer tax and this litigation. While professional fees associated with addressing the assessment of interest and penalties may be necessary expenses, it is incorrect to include the professional fees associated with this litigation and the filing of tax returns.

The Russ Report fails to remove the cost of this litigation and the filing of tax returns from the amount claimed as professional fees. Therefore, the Russ Report overstates damages.

## INTEREST EXPENSE RELATED TO BANK OF HOLLY SPRINGS LOAN

The Russ Report includes interest paid to the Bank of Holly Springs on loan proceeds to pay the tax and interest related to the generation skipping transfer tax. The Russ Report includes the interest expense of $8,781 to Mr. Hobbs and $10,472 to Ms. Bevington as damages. Source documents representing the loan proceeds, terms of the loan, and payment of interest were not provided. Therefore, those documents are requested in order to complete my analysis of the Russ Report damages.

*The Koerber Company, P.A.*                                                                          6

©The Koerber Company, P.A., 2010, *All Rights Reserved*

*Hobbs & Bevington v. Legg Mason Investment Counsel & Trust Co, N.A.*          ***Expert Report***

By including the interest expense paid to the Bank of Holly Springs as damages, the Russ Report fails to consider relevant factors, such as the delay by the Plaintiffs for approximately five months to pay the tax and interest, the sale of stock to pay the tax and interest instead of obtaining a loan, and the financial ability of the Plaintiffs to pay from other assets.

By not considering all relevant factors and simply including the interest expense from the Bank of Holly Springs, the Russ Report's inclusion of interest expense is flawed and overstates the damages.

*OVERPAYMENT OF GENERATION SKIPPING TRANSFER TAX AND RELATED INTEREST*

The revised Russ Report includes damages for overpayment of generation skipping transfer tax and interest related to the over payment. The Russ Report states the following on Schedules B7 and H7:

> *If the defendant had realized that there was a potential generation skipping transfer (GST) tax problem, they would have protected the income beneficiaries' interest by not making any distributions from the exempt trust until the necessity of making a GST distribution.*

The Russ Report makes the faulty assumption that The Edward and Bernice Johnson Charitable Trust is a generation skipping trust and that its primary purpose is to minimize generation skipping transfer taxes. The Edward and Bernice Johnson Charitable Trust is a charitable remainder trust and was designed to reduce the estate tax liability of Bernice Johnson by providing her estate with a charitable deduction. Treasury Regulations, Subchapter A, Section 1.664-1 states the following:

> *In order for a trust to be a charitable remainder trust, it must meet the definition of and function exclusively as a charitable remainder trust from the creation of the trust.* [emphasis added]

The main premise for the damages in the Russ Report is that the generation skipping tax should have been minimized. Treating the Edward and Bernice Johnson Charitable Trust as a generation skipping trust with the primary purpose of minimizing generation skipping transfer taxes would invalidate the charitable deduction of the estate of Bernice Johnson, as the charitable trust would no longer function exclusively as a charitable remainder trust as required by the Treasury Regulations. In addition, income taxes would have to be paid on the earnings of the charitable trust, as one of the advantages of a charitable trust is that it doesn't have to pay income taxes because the charitable trust is generally exempt from income taxes. The Russ Report does not consider these issues or their ultimate effect on the Johnson estate. As a result, the damages for overpayment of the generation skipping transfer tax and related interest are flawed.

---

*The Koerber Company, P.A.*                                                                 7

©The Koerber Company, P.A., 2010, *All Rights Reserved*

### OTHER RELEVANT FACTORS

The Russ Report fails to identify and consider other relevant factors that could have an effect on the damages including but not limited to:

- ❑ The failure by the Plaintiffs and their tax advisors to recognize the need to pay the generation skipping transfer tax when the 2004, 2005, and 2006 Individual Income Tax Returns were filed for Mr. Hobbs and Ms. Bevington.

- ❑ The Plaintiffs' failure to mitigate the alleged damages.

- ❑ The Plaintiffs' management of their personal financial assets.

- ❑ The effect of the improper drafting of the charitable remainder trust.

By ignoring these and other possible relevant factors, the Russ Report is speculative and flawed.

### CONCLUSION

The damage report submitted by Roderick S. Russ, III, CPA (the Russ Report) is flawed and speculative and based on conjecture due to the following issues:

- ❑ The Russ Report overstates as damages the interest expense assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month that they were notified that the tax was due.

- ❑ The Russ Report overstates as damages the penalties assessed by the Internal Revenue Service by failing to account for the delay by the Plaintiffs to pay the generation skipping transfer tax in the month they were notified that the tax was due. Additionally, the Russ Report speculates that the penalties will not be abated when penalties for one tax year have already been abated.

- ❑ The Russ Report overstates as damages the sale of PepsiCo, Inc. stock, including loss of dividend income and estimated commissions and fees on the repurchase of the stock, by ignoring the historical price of the stock and the delay by the Plaintiffs in paying the tax and interest.

- ❑ The Russ Report overstates as damages the professional fees by failing to remove the cost of litigation and the filing of tax returns from the amount claimed as professional fees.

- ❑ The Russ Report overstates as damages the interest expense related to the Bank of Holly Springs by failing to consider relevant factors such as the delay by the Plaintiffs to pay the taxes and interest, the sale of stock instead of securing a loan, and the financial ability of the Plaintiffs to pay the taxes and interest from other assets.

©The Koerber Company, P.A., 2010, *All Rights Reserved*

*Hobbs & Bevington v. Legg Mason Investment Counsel & Trust Co, N.A.*                    *Expert Report*

- ❏ The Russ Report overstates as damages the overpayment of generation skipping transfer tax and related interest by failing to consider the primary purpose of the Edward and Bernice Johnson Charitable Trust and the tax implications of losing the status as a charitable trust.

- ❏ The Russ Report fails to identify other relevant factors that would have an effect on the alleged damages.

I express no opinion with regard to liability.

## RESERVATION OF RIGHT TO AMEND

In the event additional documents and/or other discovery material are made available to me after submission of this report, I respectfully reserve the rights to amend this writing as appropriate. This would include income tax returns, depositions, financial documents and other documents.

## REBUTTAL TESTIMONY

In addition to the substance of the foregoing discussion, my testimony at the hearing or trial may also include rebuttal testimony, as required.

## TRIAL EXHIBITS

Selected information from this report may be incorporated into demonstrative exhibits for purposes of trial testimony.

## PRIOR TESTIMONY

Over the past four years, I have testified by deposition and/or at trial in various matters. Attached is a list of these lawsuits.

## PUBLICATIONS

Over the past ten years, I have published the following material:

- ❏ "Income Tax Aspects of Damage Awards and Settlement Payments," Jim Koerber and Tom Wofford, *Voir Dire*, Winter 2000-2001.

- ❏ *Divorce Fax* (1998 – 2001).

- ❏ Various Seminar Materials (See Curriculum Vitae).

- ❏ "Income Tax Aspects of Damage Awards and Settlement Payments," Jim Koerber and David Kostmayer, Mississippi Society of Certified Public Accountants, January 2003 Newsletter.

---

*The Koerber Company, P.A.*                                                                    9

©The Koerber Company, P.A., 2010, All Rights Reserved

*Hobbs & Bevington v. Legg Mason Investment Counsel & Trust Co, N.A.*      **Expert Report**

    ❑    "Presenting Financial Data for Punitive Damages – An Opportunity for the CPA," Jim Koerber, Mississippi Society of Certified Public Accountants, January 2004 Newsletter.

**THE KOERBER COMPANY, P.A.**

James A. Koerber
*Certified Public Accountant*
*Accredited in Business Valuation*
*Certified Valuation Analyst*
*Certified Fraud Examiner*
*Certified in Financial Forensics*

Date    8/30/10

©The Koerber Company, P.A., 2010, *All Rights Reserved*

# *APPENDIX A*

**TANN, BROWN & RUSS CO., PLLC**
CERTIFIED PUBLIC ACCOUNTANTS
416 E. CAPITOL
JACKSON, MISSISSIPPI 39201
TELEPHONE (601) 354-4926
FACSIMILE (601) 354-4947

MEMBERS
AMERICAN INSTITUTE
CERTIFIED PUBLIC ACCOUNTANTS

MEMBERS
MISSISSIPPI SOCIETY OF CERTIFIED
PUBLIC ACCOUNTANTS

July 30, 2010

Mr. S. Kirk Milam
Hickman, Goza & Spragins, PLLC
P. O. Drawer 668
Oxford, MS 38655-0668

Re: Floyd Hobbs, Jr. and Cynthia Bevington
v. Legg Mason Investment Counsel, LLC
& Legg Mason Investment Trust, Inc.
U.S. District Court, Northern District of
Mississippi, Western Division
Cause No. 3:09CV009-A-A

## AMENDED OPINION

In my opinion, Floyd Hobbs, Jr. has suffered economic damages of at least $462,172, as summarized on Schedule H1-Revised and Cynthia Bevington has suffered economic damages of at least $431,692, as summarized on Schedule B1-Revised. Additional information is provided in the supporting schedules, as indicated on the respective summary schedules H1-Revised and B1-Revised.

## ADDENDUM TO PREVIOUS REPORT

I have previously prepared and submitted a report dated December 22, 2009, in which I offered my opinion as to the economic damages suffered by Mr. Hobbs and Mrs. Bevington. This letter constitutes an addendum to that report and, accordingly, should be viewed in conjunction with the original December 22, 2009 report.

Mr. S. Kirk Milam
July 30, 2010
Page 2 of 3

## INFORMATION CONSIDERED

In forming my opinion I have considered the following:

1. The following items were furnished to me:

   a. Individual income tax returns for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007 and 2008.
   b. Notification of Distribution From a Generation-Skipping Trust (706-GS (D-1)) for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007 and 2008.
   c. Generation-Skipping Transfer Tax Returns (706-GS (D)) for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007, and 2008.
   d. 1099's or K-1's from the E. Johnson non-exempt and exempt charitable remainder annuity trusts for Mr. Hobbs and Mrs. Bevington for 2004, 2005, 2006, 2007 and 2008.
   e. IRS Notices for interest and penalties for the non-filing of 706-GS (D-1) for Mr. Hobbs and Mrs. Bevington for 2004, 2005 and 2006.
   f. Interest paid to Bank of Holly Springs by Mr. Hobbs and Mrs. Bevington on loan proceeds used to pay Generation-Skipping Transfer taxes and related interest.
   g. Information on shares of stock of PepsiCo sold in order to provide funds to pay off loan from Bank of Holly Springs for Mr. Hobbs and Mrs. Bevington.
   h. Professional fees incurred to establish economic damages and to mitigate the penalty portion of these damages.
   i. Legg Mason statements relating to the E. Johnson CRAT for the exempt and non-exempt portions for 2001 through March 31, 2008.

2. Interest was calculated using the historical six-month annualized certificate of deposit rates as reported in the November 27, 2009 edition of the Federal Reserve Statistical Release H.15. These are average annual rates for the calendar years in question.

3. The information for the value of PepsiCo stock, as well as the related PepsiCo dividend information, was obtained from Yahoo! Finance.

I have also considered my knowledge, training and professional experience as a professional accountant.

## QUALIFICATIONS

A summary of my qualifications is presented in Attachment A. I have not published any articles within the last ten years.

Mr. S. Kirk Milam
July 30, 2010
Page 3 of 3

## COMPENSATION

Tann, Brown & Russ Co., PLLC is being compensated for my expert witness testimony and all related study and analysis, at specified hourly rates as follows:

| | |
|---|---|
| Partners | $265 |
| Managers | $210 |
| Senior accountants | $160 |
| Staff accountants | $130 |
| Clerical | $ 90 |

Our compensation is not contingent on the outcome of this litigation.

## OTHER TESTIMONY

Subsequent to the issuance of my December 22, 2009 report on this matter, I was deposed on May 19, 2010 in connection with that report. Aside from the May 19, 2010 deposition, I have not testified as an expert at trial or by deposition within the preceding four years.

* * *

I reserve the right to supplement or amend this report as additional information becomes available.

Signed,

Roderick S. Russ, III, CPA
Tann, Brown & Russ Co., PLLC

SCHEDULE B1-REVISED

Hickman, Goza & Spragins, PLLC
Floyd Hobbs, Jr. and Cynthia Bevington vs.
Legg Mason Investment Counsel, LLC & Legg Mason
Investment Trust, Inc.
Cynthia Bevington - Analysis of Economic Damages
Summary Schedule of Damages Arising from Late Payment
of Generation Skipping Transfer Tax

| | Economic Damages | See Schedule | |
|---|---|---|---|
| Overpayment of personal income taxes as a result of late notice of generation skipping transfer tax | $ 18,387 | B2 | |
| Interest income lost as a result of overpayment of income taxes | 5,283 | B2 | |
| Interest charged by Internal Revenue Service on late payment of generation skipping transfer tax | 69,137 | B3 | |
| Penalties charged by Internal Revenue Service on late payment of generation skipping transfer tax | 87,516 | B3 | |
| Interest accrued on payments to Internal Revenue Service | 1,386 | B4 | |
| Stock liquidation loss on shares of PepsiCo, Inc sold to pay generation skipping transfer tax and related interest expense | 72,801 | B5 | |
| Professional fees and other expenses incurred | 35,258 | B6 | |
| Interest paid to Bank of Holly Springs on loan proceeds used to pay taxes and interest | 10,472 | | |
| Overpayment of generation skipping transfer tax | 154,012 | B7 | (1) |
| Interest related to overpayment of generation skipping transfer tax | 14,338 | B7 | (1) |
| Total economic damages, before offset item | 468,590 | | |
| Less: Imputed interest income from availability of excess funds as a result of the delay in payment of generation skipping transfer tax | (36,898) | B2 | |
| Total economic damages incurred by Cynthia Bevington as of December 31, 2009 | $ 431,692 | | |

(1) - Schedule B7, which was not included with the previous December 22, 2009 report, is a new schedule which is based on additional information received since the date of the previous report.

SCHEDULE B7

Hickman, Goza & Spragins, PLLC
Floyd Hobbs, Jr. and Cynthia Bevington vs.
Legg Mason Investment Counsel, LLC & Legg Mason
Investment Trust, Inc.
Cynthia Bevington - Analysis of Economic Damages
Calculation of Net Generation Skipping Transfer (GST) Tax Overpayment and
Related Interest Income Computations

Explanation -
If the defendant had realized that there was a potential generation skipping transfer (GST) tax problem, they would have protected the income beneficiaries' interest by not making any distributions from the exempt trust until the necessity of making a GST distribution. If no distributions had been made, the exempt portion of the trust would have had a balance of approximately $1,282,711 at the time of the first GST distribution. Mrs. Bevington would have been entitled to 20% of this amount. If this amount had been paid from the exempt trust, the resulting decrease in the GST tax for 2004 would have been $96,028, as shown in the table below. In 2005 and 2006, the GST tax would have increased, because the inclusion ratio would have been 100%. Near the end of the trust term, the defendant could have paid the distributions from the exempt trust, and Mrs. Bevington would consequently have had no GST tax liability for 2007 or 2008, as is also shown in the table below. The balance in the exempt trust without making distributions, other than the initial distribution to Mrs. Bevington in 2004, would have been approximately $1,053,772. This would have provided the defendant enough margin to provide for the other income beneficiaries should they need to receive GST distributions prior to the termination of the trust.

Overpayment of GST tax and related interest:

| Tax Year | GST Tax as Originally Filed | GST Tax as Adjusted | GST Tax Over (Under) Payment | 4/15/05 to 12/31/05 | 01/01/06 to 12/31/06 | 01/01/07 to 12/31/07 | 4/15/08 to 12/31/08 | 01-01-09 to 12/31/09 | Total Interest Lost (Gained) |
|---|---|---|---|---|---|---|---|---|---|
| 2004 | $ 108,378 | $ 12,350 | $ 96,028 | $ 2,651 | $ 5,032 | $ 5,922 | $ 3,015 | $ 951 | $ 16,572 |
| 2005 | 108,532 | 135,682 | $ (27,150) | - | $ (1,013) | $ (1,420) | $ (853) | $ (269) | (3,555) |
| 2006 | 106,223 | 132,796 | $ (26,573) | - | - | $ (990) | $ (634) | $ (263) | (2,087) |
| 2007 | 103,914 | - | $ 103,914 | - | - | - | $ 2,324 | $ 1,029 | 3,353 |
| 2008 | 7,793 | - | $ 7,793 | - | - | - | - | $ 55 | 55 |
| | | | $ 154,012 | | | | | | $ 14,338 |

Note: Interest was calculated annually using the historical six-month annualized certificate of deposit rates as reported in the November 27, 2009 edition of *Federal Reserve Statistical Release H.15*. These are average annual rates for the calendar years in question.

| | |
|---|---|
| 2005 | 3.73% |
| 2006 | 5.24% |
| 2007 | 5.23% |
| 2008 | 3.14% |
| 2009 | 0.99% |

Note: Interest income gains and losses have been calculated assuming a settlement/judgment date of December 31, 2009.

Note: For purposes of the above calculations, income taxes and GST taxes are assumed to be due and payable on April 15th of the year following the year for which the taxes are assessed.

SCHEDULE H1-REVISED

Hickman, Goza & Spragins, PLLC
Floyd Hobbs, Jr. and Cynthia Bevington vs.
Legg Mason Investment Counsel, LLC & Legg Mason
Investment Trust, Inc.
Floyd Hobbs, Jr. - Analysis of Economic Damages
Summary Schedule of Damages Arising from Late Payment
of Generation Skipping Transfer Tax

| | Economic Damages | See Schedule | |
|---|---|---|---|
| Overpayment of personal income taxes as a result of late notice of generation-skipping transfer tax | $ 12,416 | H2 | |
| Interest income lost as a result of overpayment of income taxes | 4,814 | H2 | |
| Interest charged by Internal Revenue Service on late payment of generation skipping transfer tax | 69,167 | H3 | |
| Penalties charged by Internal Revenue Service on late payment of generation skipping transfer tax | 133,040 | H3 | |
| Interest accrued on payments to Internal Revenue Service | 1,386 | H4 | |
| Stock liquidation loss on shares of PepsiCo, Inc sold to pay generation skipping transfer tax and related interest expense | 64,821 | H5 | |
| Professional fees and other expenses incurred | 36,295 | H6 | |
| Interest paid to Bank of Holly Springs on loan proceeds used to pay taxes and interest | 8,781 | | |
| Overpayment of generation skipping transfer tax | 154,012 | H7 | (1) |
| Interest related to overpayment of generation skipping transfer tax | 14,338 | H7 | (1) |
| Total economic damages, before offset item | 499,070 | | |
| Less: Imputed interest income from availability of excess funds as a result of the delay in payment of generation skipping transfer tax | (36,898) | H2 | |
| Total economic damages incurred by Floyd Hobbs, Jr. as of December 31, 2009 | $ 462,172 | | |

(1) - Schedule H7, which was not included with the previous December 22, 2009 report, is a new
schedule which is based on additional information received since the date of the previous
report.

SCHEDULE H7

Hickman, Goza & Spragins, PLLC
Floyd Hobbs, Jr. and Cynthia Bevington vs.
   Legg Mason Investment Counsel, LLC & Legg Mason
   Investment Trust, Inc.
Floyd Hobbs, Jr. - Analysis of Economic Damages
Calculation of Net Generation Skipping Transfer (GST) Tax Overpayment and
   Related Interest Income Computations

**Explanation :**
If the defendant had realized that there was a potential generation skipping transfer (GST) tax problem, they would have protected the income beneficiaries' interest by not making any distributions from the exempt trust until the necessity of making a GST distribution. If no distributions had been made, the exempt portion of the trust would have had a balance of approximately $1,282,711 at the time of the first GST distribution. Mr. Hobbs would have been entitled to 20% of this amount. If this amount had been paid from the exempt trust, the resulting decrease in the GST tax for 2004 would have been $96,028, as shown in the table below. In 2005 and 2006, the GST tax would have increased, because the inclusion ratio would have been 100%. Near the end of the trust term, the defendant could have paid the distributions from the exempt trust, and Mr. Hobbs would consequently have had no GST tax liability for 2007 or 2008, as is also shown in the table below. The balance in the exempt trust without making distributions, other than the initial distribution to Mr. Hobbs in 2004, would have been approximately $1,053,772. This would have provided the defendant enough margin to provide for the other income beneficiaries should they need to receive GST distributions prior to the termination of the trust.

Overpayment of GST tax and related interest:

| Tax Year | GST Tax as Originally Filed | GST Tax as Adjusted | GST Tax Over (Under) Payment | 4/15/05 to 12/31/05 | 01/01/06 to 12/31/06 | 01/01/07 to 12/31/07 | 01/01/08 to 12/31/08 | 01-01-09 to 12/31/09 | Total Interest Lost (Gained) |
|---|---|---|---|---|---|---|---|---|---|
| 2004 | $ 108,378 | $ 12,350 | $ 96,028 | $ 2,551 | $ 5,032 | $ 5,022 | $ 3,015 | 951 | $ 16,572 |
| 2005 | 108,532 | 135,682 | $ (27,150) | - | $ (1,013) | $ (1,420) | $ (853) | (269) | $ (3,555) |
| 2006 | 106,223 | 132,796 | $ (26,573) | | - | $ (990) | $ (834) | (283) | $ (2,087) |
| 2007 | 103,914 | - | $ 103,914 | | | - | $ 2,324 | 1,029 | $ 3,353 |
| 2008 | 7,793 | - | $ 7,793 | | | | | 55 | $ 55 |
| | | | $ 154,012 | | | | | | $ 14,338 |

Note: Interest was calculated annually using the historical six-month annualized certificate of deposit rates as reported in the November 27, 2009 edition of *Federal Reserve Statistical Release H.15*. These are average annual rates for the calendar years in question.

|      |       |
|------|-------|
| 2005 | 3.73% |
| 2006 | 5.24% |
| 2007 | 5.23% |
| 2008 | 3.14% |
| 2009 | 0.99% |

Note: Interest income gains and losses have been calculated assuming a settlement/judgment date of December 31, 2009.

Note: For purposes of the above calculations, income taxes and GST taxes are assumed to be due and payable on April 15th of the year following the year for which the taxes are assessed.

ATTACHMENT A

## RESUME OF RODERICK S. RUSS, III, CPA

**Employment –**

Tann, Brown & Russ Co., PLLC, Certified Public Accountants,
Jackson, Mississippi –
Partner with over 23 years experience

Rod Russ, CPA, Jackson, Mississippi –
Sole practitioner for 2 years

Bailey & Bailey, Inc., Jackson, Mississippi –
In-house CPA responsible for internal accounting and reporting and
preparation of income tax returns for over 45 related individuals,
corporations, partnerships, trusts and estates for 13 years

KPMG, Certified Public Accountants, Jackson, Mississippi –
Member of firm's income tax department for 3 years

**Education and Degrees –**

University of Mississippi, B.B.A. – Accounting, 1966
University of Mississippi, Master of Business Administration - 1970

**Professional Designations –**

Certified Public Accountant

**Professional Memberships –**

American Institute of Certified Public Accountants
Mississippi Society of Certified Public Accountants

**Civic Activities – Past and Present -**

Pear Orchard Presbyterian Church - Elder
Christ Covenant School - Board of Trustees
Reformed Theological Seminary - Board of Trustees
Past Treasurer of Mississippi Valley Presbytery - 10 Years

Page 1 of 2

**Resume of Roderick S. Russ, III – Continued**

**Public Accounting Experience –**

Income tax practitioner with over 40 years experience in individual, corporate, partnership, trust and estate taxation. Particular experience in working with closely-held businesses and their owners, as well as overseeing the firm's estate and trust tax practice, including serving as trustee and/or executor

**Qualified as Expert Witness –**

Hinds County Chancery Court, State of Mississippi

*APPENDIX B*

**JAMES A. KOERBER**
*Certified Public Accountant*
*Accredited in Business Valuation*
*Certified Valuation Analyst*
*Certified Fraud Examiner*
*Certified in Financial Forensics*

**The Koerber Company, P.A.**
**Post Office Box 18170, Hattiesburg, Mississippi 39404**
**103 Madison Plaza, Hattiesburg, Mississippi 39402**
**Phone: 601.583.1000, Extension 101; Toll Free: 888-655-8282**
**Fax: 601.583.1009; Email: jkoerber@koerbercompany.com;**
**Web Page: www.koerbercompany.com**

James A. Koerber, CPA/ABV, CVA, CFE, CFF is a shareholder in The Koerber Company, P.A., and is responsible for valuation and litigation services for attorneys and their clients. The valuation services are primarily for estate and gift tax purposes, purchases and sales of businesses, and equitable distributions related to divorces. Additionally, he assists attorneys with family law tax issues and other litigation support services, including calculations related to actual and punitive damages. Jim has over 30 years of experience in public accounting, which includes tax, audit, and management advisory services, and has prepared hundreds of business valuation and expert witness reports.

Jim graduated from Mississippi State University with a major in Banking and Finance and obtained an additional major in Accounting at Louisiana State University. He is a past president of the Southeast Chapter of the Mississippi Society of CPAs, and from April 1987 to April 1989, he served as Foreman of a Federal Grand Jury for the Southern District of Mississippi.

Jim is licensed as a Certified Public Accountant in Mississippi, Louisiana, and Alabama. He is also a Certified Valuation Analyst, has successfully passed the examination and obtained the experience requirements to be classified as Accredited in Business Valuation by the American Institute of Certified Public Accountants, is Certified in Financial Forensics by the American Institute of CPAs, and is a Certified Fraud Examiner. As for professional organizations, Jim is a member of the National Association of Certified Valuation Analysts (including past National State Chapter Chairman and past president of its Mississippi Chapter), the National Association of Forensic Economics, the American Academy of Economic & Financial Experts, the Southern Economic Association, the Association of Certified Fraud Examiners, the Mississippi Society of Certified Public Accountants (including past Chairman of the Business Valuation and Litigation Services Committee), the Alabama Society of Certified Public Accountants, the Council of Petroleum Accountants Societies, the American Bankruptcy Institute, the Society of Louisiana Certified Public Accountants (including past Chairman of the Litigation Services Committee and past Chairman of its Business Valuation Sub-Committee), and the American Institute of Certified Public Accountants (including the Business Valuation and Forensic & Litigation Services Section; he is a past member of the AICPA's National Fraud/Litigation Steering Committee). In addition, Jim is an Associate Member of the American Bar Association (including the Litigation and Family Law Sections) and is a member of the Lamar Order at the University of Mississippi.

During 2002 and 2003, Jim served as a member of the Mississippi State Board of Public Accountancy. In 2003, he served as Secretary of the Board.

Jim has qualified as an expert witness in Chancery Court for Adams, Coahoma, Copiah, Claiborne, Madison, Hinds, Rankin, Forrest, Lincoln, Lamar, Lowndes, Harrison, Hancock, Jackson, Lauderdale, Jones, and Wayne counties in Mississippi. Additionally, he has qualified as an expert witness in Circuit Court for Hinds, Covington, Leflore, Lamar, Rankin, Copiah, Jasper, Jones, Wayne, Washington, and Jackson counties in Mississippi, Harris County, Texas, and Pinellas County, Florida, Family Court in East Baton Rouge Parish, Louisiana, Ninth Judicial District Court of Rapides Parish, Louisiana, United States District Court, Southern Division of Mississippi and Arbitration.

Jim has written articles for newspapers and professional publications on various tax and valuation issues, including tax aspects of divorce and estate and gift taxation. He has appeared on television programs to explain tax law, spoken to students at the University of Mississippi School of Law, the Mississippi College School of Law and various colleges and universities, and has taught university-level accounting and taxation courses. From 1997 through 2001, he authored a quarterly publication, *Divorce Fax*, for family law attorneys. His presentations have included the following:

- Jim was the speaker at the University of Southern Mississippi Foundation's October 1998 Estate Planning Conference, where he presented a program on *Recent Developments in Business Valuations & Discounts*.

- Jim presented a program on *Tax & Financial Considerations of Divorce* at an October 1998 Conference sponsored by the University of Southern Mississippi's Institute for Accounting, Tax & Business.

- In March 1998, Jim was a speaker during a seminar on *Equitable Distributions in Divorce Settlements in Mississippi: Valuation, Tax and Other Issues*, sponsored by the National Business Institute.

- In 1999, 2000, 2001, 2002, 2003, and 2004, he was a speaker at the 6th, 7th, 8th, 9th, 10th, and 11th *Annual Hot Tips From the Experts – Family Law Seminar*, sponsored by the Family Law Section of the Mississippi Bar Association. The seminars were held in Jackson, Mississippi.

- In July 1999, Jim was interviewed by University of Mississippi Law School professor Debbie Bell on how attorneys can better understand business valuation reports related to divorces. The interview was video taped and included as part of a series of family law seminars for attorneys.

- In March 2000, March 2001, March 2002, and February 2003, Jim presented programs on *Tax & Valuation Aspects of Divorce* to law school students in the Family Law class at the University of Mississippi School of Law.

- In May 2000, Jim presented a program on *Tax & Valuation Aspects of Divorce* to members of the Jones County Bar Association in Laurel, Mississippi.

- In July 2000, Jim presented a program on *Tax Considerations in Drafting Divorce Agreements*, which was part of University of Mississippi Law School professor Debbie Bell's *Family Law CLE* seminars, which were held in Oxford, Jackson, and Gulfport.

- In October 2000, Jim presented a program on *Frequently Asked Questions about Business Valuations* to the Society of Financial Service Professionals at their Annual Diploma Conferment Program in Jackson, Mississippi.

- In November 2000, Jim presented a program on *Tax & Valuation Aspects of Divorce* to members of the Family Law Section of the Mississippi Bar Association in Jackson, Mississippi.

- In May 2001, Jim presented a program on *Tax Aspects of Divorce* to the Jackson Tax Forum in Jackson, Mississippi.

- In May 2001, Jim, along with Tom Wofford, CPA/ABV, CVA, presented a program on *Income, Estate & Gift Tax Aspects of Divorce* to the members of the Tax Section of the Mississippi Bar Association. The seminar was held at the Mississippi Bar Association in Jackson, Mississippi.

❑   In June and July 2001, Jim presented programs on *Quantifying Marital and Separate Property* and *How to Develop an Alimony Model* for Professor Debbie Bell's *Family Law* CLE seminars, which were held in Oxford, Jackson, and Gulfport, Mississippi.

❑   In September 2001, Jim, along with Annette Turner, CPA/ABV, CVA, and Brian Schmittling, CPA/ABV, CVA, presented a program on *Selected Valuation Issues in Divorce* to the quarterly meeting of the Mississippi Chancery Judges. The program was held in Jackson, Mississippi.

❑   In September 2001, Jim presented a program on *How To Manage The Divorce Engagement* to the members of the Mississippi State Chapter of the National Association of Certified Valuation Analysts. The conference was held in Jackson, Mississippi.

❑   In October 2001, Jim presented a program on *Case Law Update: Business Valuations* for judges attending the Mississippi Judicial College's Fall Conference in Jackson, Mississippi.

❑   In April 2002, Jim presented a program on *Business Valuation Issues in Divorce* to attorneys attending the University of Mississippi Center for Continuing Legal Education's *Current Issues in Family Law* CLE seminar. The seminar was held in Jackson, Mississippi.

❑   In May 2002, Jim presented a program on *Case Law Update: Business Valuation Cases Related to Estate & Gift Taxation* to attorneys attending the 7th Annual Tax Clinic, sponsored by the Taxation Section of the Mississippi Bar Association. The seminar was held in Jackson, Mississippi.

❑   In June and July 2002, Jim presented a program on *Valuing and Dividing Pension Plans in Divorce* to attorneys and judges attending Professor Debbie Bell's *6th Annual Family Law* CLE seminars, which were held in Gulfport, Oxford, and Jackson, Mississippi.

❑   In June 2002, Annette Turner and Jim presented a program on *Tax and Valuation Aspects of Divorce* to the Gulf Coast Chapter of the Mississippi Society of CPAs. The seminar was held in Gulfport, Mississippi.

❑   In August 2002, Jim presented a program on *Tax and Valuation Aspects of Divorce* to the Delta Chapter of the Mississippi Society of CPAs. The seminar was held at Delta State University in Cleveland, Mississippi.

❑   In September 2002, Jim presented a program on *Business Valuation Issues* to the Mississippi Tax Institute. The seminar was held in Jackson, Mississippi.

❑   In September 2002, Jim presented a program on *Business Valuations — What's The Company Worth?* to attorneys attending the University of Mississippi Center for Continuing Legal Education's *When Advising Business Is Your Business* CLE Seminar. The seminar was held in Jackson, Mississippi.

❑   In November 2002, Richard C. Roberts, III, Esquire and Jim presented a program on *Tax Aspects of Divorce in Mississippi* to attorneys attending the National Business Institute's CLE seminar. The seminar was held in Jackson, Mississippi.

❑   In November 2002, Jim was one of the speakers at the Annual Divorce Conference sponsored by the National Association of Certified Valuation Analysts. The Conference was held at the Jimmy Carter Presidential Center in Atlanta, Georgia.

❑   In November 2002, Jim presented a program on *Tax Considerations in Divorce Agreements* for attorneys attending a Family Law seminar at Louisiana State University in Baton Rouge, Louisiana.

❑   In January 2003, David G. Kostmayer, CPA, MTA and Jim published an article entitled *Income Tax Aspects of Damage Awards & Settlement Payments* for the Mississippi Society of CPAs' monthly newsletter.

❑   In May 2003, Jim presented a program on *Quantifying and Presenting Punitive Damages* as part of a series of seminars entitled *Hot Topics in Financial and Economic Litigation Issues*. The seminars were sponsored by Koerber Turner, PLLC, and held in Oxford, Jackson, and Gulfport, Mississippi.



☐ In June 2003, Annette Turner and Jim presented a program entitled *Business Valuation Overview* for a group of CPAs. The seminar was sponsored by the Mississippi Society of Certified Public Accountants and held in Jackson, Mississippi.

☐ In July 2003, Jim presented a program entitled *Goodwill: The Singley Decision* to a group of business valuators attending a meeting of the Mississippi Chapter of the National Association of Certified Valuation Analysts. The seminar was held in Jackson, Mississippi.

☐ In November 2003, Jim presented a program entitled *Quantifying & Presenting Punitive Damages* to members of the Jones County, Mississippi Bar Association during their monthly meeting. The meeting was held in Laurel, Mississippi.

☐ In December 2003, Jim presented a program entitled *Valuation Case Update* to CPAs, attorneys, bankers, and insurance professionals attending the University of Southern Mississippi Foundation's 2003 Estate Planning Conference. The conference was held in Hattiesburg, Mississippi.

☐ In January 2004, Jim published an article entitled *Presenting Financial Data for Punitive Damages – An Opportunity for the CPA* for the Mississippi Society of CPAs' monthly newsletter.

☐ In February 2004, Jim presented a program entitled *Valuation Case Update* to CPAs, tax attorneys, bankers, and insurance professionals attending the Mississippi Estate Planning Council's monthly meeting, which was held in Jackson, Mississippi.

☐ In April 2004, Jim presented a program entitled *Business Valuation Issues in Divorce* to attorneys attending the Family Law Update 2004 continuing legal education seminar sponsored by The University of Mississippi's Center for Continuing Legal Education. The seminar was held in Jackson, Mississippi.

☐ In May 2004, Jim presented a program entitled *Investigative Accounting in Divorce (or, Oops, I forgot about that!)* to attorneys attending the Practical Practice Seminar sponsored by the Mississippi Trial Lawyers Association. The seminar was held in Jackson, Mississippi.

☐ In June 2004, Annette Turner, CPA/ABV, CVA and Jim presented a program entitled *Divorce Issues: The CPA's Role In Advising Divorced And Separated Clients* to Certified Public Accountants and Attorneys attending the Continuing Professional Education Seminar sponsored by the Mississippi Society of Certified Public Accountants. The seminar was held in Jackson, Mississippi.

☐ In September 2004, Jim presented a program entitled *Presenting Financial Data for Punitive Damages* to Certified Public Accountants attending the 2004 National Fraud & Litigation Services Conference, which was sponsored by the American Institute of Certified Public Accountants. The conference was held in Phoenix, Arizona.

☐ In October 2004, Brian Schmitling and Jim presented a program entitled *How to do a Life Expectancy: Value of Future Damages, and How to Present Economic Damages* to attorneys attending the Anatomy of a Trial CLE, which was sponsored by the Mississippi Trial Lawyers Association. The conference was held in Hattiesburg, Mississippi.

☐ In November 2004, Jim presented a program entitled *Business Valuations and the Small Business* to students in Mr. Harold D. Miller's business class at Millsaps College in Jackson, Mississippi.

☐ In June 2005, Jim presented a program entitled *Tax Aspects of Settlements & Awards* to attorneys attending the Mississippi Trial Lawyers Association's 2005 Annual Convention. The convention was held in New Orleans, Louisiana.

☐ In July 2005, Jim presented a program entitled *Presenting Financial Data for Compensatory and Punitive Damages* to attorneys attending the Jones County Bar Association's CLE Seminar. The seminar was held in Laurel, Mississippi.

☐ In August 2005, Jim presented a program entitled *Finding Hidden Assets in Divorce (or, Oops, I forgot about that!)* to Louisiana Trial Lawyers Association's 2005 Family Law Conference. The Conference was held in Baton Rouge, Louisiana.



❑ In August 2005, Jim presented a program entitled *Tax Aspects of Settlements & Awards* to the Jones County Bar Association during their monthly meeting. The meeting was held in Laurel, Mississippi.

❑ In November 2005, Jim was the keynote speaker at the swearing in ceremonies for the new CPAs in Mississippi. The ceremony was sponsored by the Mississippi State Board of Public Accountancy and held at the Mississippi State Capitol in Jackson, Mississippi.

❑ In May 2006, Jim presented a program entitled *Business Interruption Claims* for CPAs attending the Mississippi Society of CPAs' Accounting & Auditing Conference. The Conference was held in Jackson, Mississippi.

❑ In June 2006, Jim presented a program entitled *Analyzing and Calculating Lost Profits and Business Interruption Claims* for attorneys attending the Mississippi Trial Lawyer Association Convention, which was held in Memphis, Tennessee.

❑ In June 2006, Ken Csalpar, an investment banker with Trenwith Securities in Boston, Massachusetts, and Jim presented a program entitled *What is My Business Worth? What to Look for When Determining the Value of Your Business.* The program was held in Jackson, Mississippi.

❑ In September 2006, Nancy Fannion (a Portland, Maine CPA and business valuator), Joseph Jaffe (a New York City attorney), and Jim presented a program on issues in divorce. Jim spoke on *Tax Aspects of Divorce.* The program was presented at the American Institute of CPAs' National Fraud & Litigation Services Conference, which was held in Las Vegas, Nevada.

❑ In November 2006, Jim presented a program entitled *Business Interruption Claims* for the 2006 Valuation & Litigation Workshop for the Mississippi Society of CPAs. The program was held in Ridgeland, Mississippi.

❑ In February 2007, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to the Jones County Bar Association during their monthly meeting. The meeting was held in Laurel, Mississippi.

❑ In November 2007, Jim was on a panel of 6 CPAs (other CPAs included George Panzeca, Holly Sharp, Ralph Stephens, Charles Theriot, and Doug Tymkiw) with extensive experience in litigation services in Louisiana. The panel covered questions and issues related to *Ethics & Professionalism in the Performance of Litigation Services.* The panel discussion was part of the 2007 Litigation Services Workshop sponsored by the Society of Louisiana CPAs and was held in Kenner, Louisiana.

❑ In November 2007, Jim presented a program entitled *Case Law Update: Lost Profits* for the 2007 Valuation & Litigation Workshop for The Mississippi Society of CPAs. The program was held in Ridgeland, Mississippi.

❑ In May 2008, Jim presented a program entitled *Case Law Update: Estate & Gift Tax Valuations* for the Mississippi Bar Association Taxation Section's 2008 Tax CLE seminar. The program was held in Jackson, Mississippi.

❑ In July 2008, Jim presented a program entitled *Case Law Update: Estate & Gift Tax Valuations* for the Mississippi Bar Association's 2008 Annual Meeting & Summer School (Estate & Trusts and Taxation Joint Section Annual Meeting). The program was held in Destin, Florida.

❑ In July 2008, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to the Lafayette County Bar Association during their monthly meeting. The meeting was held in Oxford, Mississippi.

❑ In October 2008, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to the Madison County Bar Association during their monthly meeting. The meeting was held in Ridgeland, Mississippi.

❑ In February 2009, Jim presented a program on *Business Valuation Overview* to law school students at the Mississippi College School of Law in Jackson, Mississippi.

- ❑   In July 2009, Jim presented a program entitled *The Good, The Bad, & The "Ridiculous": Evaluating Calculations of Personal Injury and Wrongful Death Damages* to attorneys attending the Mississippi College School of Law's Marathon CLE. The seminar was held at the Mississippi College School of Law in Jackson, Mississippi.

- ❑   In November 2009, Jim presented a program entitled *Daubert and the Financial Expert* to CPAs attending the Mississippi Society of CPAs' 2009 Valuation & Litigation Services Workshop. The seminar was held in Ridgeland, Mississippi.

- ❑   In May 2010, Jim presented a program entitled *Daubert and the Financial Expert* to attorneys attending the University of Mississippi Center for Continuing Legal Education's 2010 Mississippi Law Update. The seminar was held in Natchez, Mississippi.

**James A. Koerber**
*Certified Public Accountant*
*Accredited in Business Valuation*
*Certified Valuation Analyst*
*Certified Fraud Examiner*
*Certified in Financial Forensics*

**Prior Testimony and Depositions**
**(Past Four Years)**

Paul T. Benton v. Merrill M. Benton
(Divorce, Deposition, March 2006)
Chancery Court, Harrison County, Mississippi
Cause No. C2402-04-01130.

Estate of Charlie Phillips, Deceased v. Patricia Quillen Phillips
(Estate, Deposition, April 2006)
Chancery Court, Rankin County, Mississippi
Civil Action No. 53440

James A. Bounds v. Teresa Wilson Bounds
(Divorce, Trial Testimony, May 2006)
Chancery Court, Jones County, Mississippi
Cause No. 2005-0084E

The Estate of Fodie Bagwell, by and through James Wilburn, Individually and as Personal Representative
of the Estate of Fodie Bagwell and on Behalf of the Wrongful Death Beneficiaries of Fodie Bagwell v.
Beverly Enterprises, Inc.; Beverly Health & Rehabilitation Services, Inc.; Beverly Enterprises –
Mississippi, Inc.; James C. Landers; Antoinette Lambert; Unidentified Entities 1 through 10 and John Does
1 through 10 (as to Beverly Healthcare – Batesville)
(Punitive Damages, Deposition, June 2006)
Circuit Court, Panola County, Mississippi
Cause No. CV2004-193BP2

G&A Wood, Inc., Willie Buxton, and Lloyd Crowell v. Georgia-Pacific Corporation, Mike McCollom, and
Roy West, Jr.
(Lost Profits, Deposition, July 2006)
Circuit Court, Jasper County, Mississippi
Cause No. 11-0015

In the Matter of The Estate of Lucille H. Hart, Deceased
(Forensic Accounting, Trial Testimony – Court Appointed, July 2006)
Chancery Court, Madison County, Mississippi
Civil Action No. 2002-569

The Estate of Letha M. Gray, by and through Ella Rudd, Administratrix of the Estate of Letha M. Gray, and
for the Use and Benefit of the Wrongful Death Beneficiaries of Letha M. Gray v. Beverly Enterprises –
Mississippi, Inc.; Beverly Health and Rehabilitation Services, Inc.; Hinds County Nursing and
Rehabilitation Center, LLC; Trend Consultants, LLC; James C. Landers; David Devereaux, David R.
Banks; Lewis Sewell; Charlie R. Sinclair, Jr.; Bobbie Lucille Blackard; Alicha D. Lindsay; John does 1
through 10; and Unidentified Entities 4 through 10 (as to Beverly Healthcare – Northwest n/k/a Hinds
County Nursing and Rehabilitation Center)
(Punitive Damages, Deposition, August 2006)
Circuit Court, Hinds County, Mississippi
Cause No. 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CIV

James A. Koerber, CPA/ABV, CVA, CFE, CFF          Prior Testimony & Depositions

The Estate of Geneva G. Rushing, by and through Dorothy Sheriff, Administratrix of the Estate of Geneva G. Rushing, for the Use and Benefit of the Estate of Geneva G. Rushing, and for the Use and Benefit of the wrongful Death Beneficiaries of the Estate of Geneva G. Rushing v. Beverly Enterprises – Mississippi, Inc.; Beverly Health and Rehabilitation Services, Inc.; James C. Landers; David R. Devereaux; David R. Banks; Lewis G. Sewell; Charlie R. Sinclair, Jr. a/k/a Chuck Sinclair; Alicha Lindsay; John Does 1 through 10; and Unidentified Entities 1 through 10; (as to Albemarle Health Care Center, f/k/a Beverly Healthcare – Northwest)
(Punitive Damages, Deposition, August 2006)
Circuit Court, Hinds County, Mississippi
Cause No. 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CIV

Robert E. Floyd v. Joel W. Little and Morris Petroleum, Inc.
(Personal Injury, Deposition, September 2006)
Circuit Court, Simpson County, Mississippi
Civil Action No. 2002-302

Kimberly Zunner v. Florida Pool Products, Inc., et al
(Punitive Damages, Deposition, September 2006; Trial Testimony, November, 2006)
Circuit Court for Pinellas County, Florida
Uniform Case Number: 522000CA008744
Reference Number: 00-008744-CI-19

James R. Thompson d/b/a Eastside Auto Sales and Wife, Patricia Thompson v. The People Bank & Trust Company, et al.; James R. Thompson v. Camille Black, et al.
(Lost Profits, Deposition, October 2006)
Circuit Court, Union County, Mississippi
Causes No. U-2000-225 and U-2002-399

Bonnie Elaine Fazzio v. Kenneth Fazzio
(Divorce, Trial Testimony, November 2006)
Chancery Court, Harrison County, Mississippi
Combined Cause No. C2401-04-0778(1)

HICO, Inc. v. Titan Indemnity Company, United States Fidelity and Guaranty Company, St. Paul Fire and Marine Insurance Company and St. Paul Travelers
(Lost Profits/Value of Business, Deposition, December 2006)
District Court, 224th Judicial District, Bexar County, Texas
Civil Action No. 2005-CI-07753

Cliplight Manufacturing Company v. Highside Chemicals, Inc.
(Lost Profits, Deposition, January 2007)
United States District Court, Southern District of Mississippi, Southern Division
Civil Action No. 1:02cv84LG-JMR

Investor Resource Services, Inc., A Florida Corporation; Barbara Archuletta Morelli and The Estate of Bernece Rigirozzi v. Marvin Cato, Charles Cato, and Laverne Cato and Rainbow Entertainment, Inc.
(Shareholder Oppression Litigation, Testimony – Hearing, March 2007)
Circuit Court, Washington County, Mississippi
Civil Action No. CI-2004-251

Deborah Gayle Thornton West v. Charles Timothy West
(Divorce, Trial Testimony, April 2007)
Chancery Court, Jones County, Mississippi
Cause No. 94-0191(E)

James A. Koerber, CPA/ABV, CVA, CFE, CFF          Prior Testimony & Depositions

Choctaw Generation Limited Partnership and Choctaw Generation, Inc. v Toshiba International Corporation
(Lost Profits, Deposition, May 2007)
United States District Court
Northern District of Mississippi, Eastern Division
Cause No. 1:06cv3-DD

Stanley McLemore v. Lincoln Electric Co.; The BOC Group f/k/a Airco, Inc.; The ESAB Group, Inc.; Hobart Brothers Company; TDY Industries, Inc. f/k/a Teledyne Industries, Inc.; Union Carbide Chemicals and Plastic company, Inc., formerly d/b/a Linde; Capweld, Inc.; Industrial Welding Supplies of Hattiesburg, Inc. d/b/a Nordan Smith Welding Supplies, Inc.; Mid-South Welding Supply, Inc.; Southern Welding Supply, Inc.; and John Doe Defendants 1-20
(Personal Injury, Deposition, May 2007, Trial Testimony, November 2008)
Circuit Court, Copiah County, Mississippi
Civil Action No. 2005-0378

Shamrock Drilling Company, Inc. v Quality Drilling Fluids, Inc.
(Lost Profits, Deposition, June 2007)
Circuit Court, Adams County, Mississippi
Civil Action No. 05-KV-0070-S

Janis Whitten, et al v Michelin Americas Research & Development Corporation, et al
(Personal Injury and Wrongful Death, Deposition, November 2007)
United States District Court, Western District of Tennessee, Western Division
Number: 05-2761-MI V

Tellus Operating Group, LLC, et al v Texas Petroleum Investment Company, et al (No. 2004-307) consolidated with Tellus Operating Group, LLC, et al v Total Petrochemicals, USA, Inc. (No. 2007-3)
(Lost Profits, Deposition, November 2007, Trial Testimony, November 2008)
Circuit Court, Lamar County, Mississippi

Christopher Morris v Mississippi State Hospital and Jeana K. Smith
(Personal Injury, Trial Testimony, December 2007)
Circuit Court, Rankin County, Mississippi
Civil Action File No. 2002-254

M. Brian Raines, as Administrator of the Estate of Michael C. Raines, deceased v Kittle Heavy Hauling, Inc., et al.
(Wrongful Death, Trial Testimony, February 2008)
Circuit Court, Leflore County, Mississippi
Civil Action No. CV 2002-0043CI

Joyce Hamilton Spradling v Ivy Dean Spradling, et al
(Divorce, Trial Testimony, April 2008)
Chancery Court, Coahoma County, Mississippi
Civil Action No. 2006-523

Tammy Rae Combs, Individually and on Behalf of the Estate of Ray Combs v Sun Healthcare Group, Inc.; Sunbridge Healthcare Corporation; Sunbridge Care Enterprises, Inc.; Sunbridge Dunbar Health Care Corp d/b/a Sunbridge Care and Rehab for Dunbar; Tammy Jo Painter; John Does 1 through 10; and Unidentified Entities 1 through 10
(Punitive Damages, Deposition, June 2008)
Circuit Court, Kanawha County, West Virginia
Cause No. 07-C-1057

James A. Koerber, CPA/ABV, CVA, CFE, CFF        Prior Testimony & Depositions

Food Giant Supermarkets, Inc. v 145 Associated, LTD
(Lost Profits, Deposition, June 2008)
United States District Court, southern District of Mississippi, Southern Division
Case No. 1:06CV609LG-JMR

Scott David Trahan v Margaret Garrison Trahan
(Divorce, Deposition, September 2008; Trial Testimony, October 2008)
The Family Court of East Baton Rouge Parish, Louisiana
No. 162,982

Edna Harris, Individually, and as Administratrix of the Estate of Desmonde Harris and James Harris,
Individually v Jeffrey A. Middleton, Individually and in his Official Capacity as an Officer of the Jackson
Police Department, the Jackson Police Department, the City of Jackson and John Does 1-10
(Wrongful Death, Trial Testimony, December 2008)
Circuit Court, Hinds County, Mississippi
Civil Action Number: 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CIV

Kimberly A. Dedeaux Braun v Robert A. Braun
(Divorce, Hearing Testimony, December 2008 & August 2009; Deposition, November 2009)
Chancery Court, Harrison County, Mississippi
Cause No. 07-01028(4)

Stacey Voss v Ric Voss
(Divorce, Trial Testimony, December 2008)
Chancery Court, Lamar County, Mississippi
Cause No. 2008-011-GN-TH

Mississippi Phosphates Corporation v Furnace and Tube Service, Inc. and Analytic Stress Relieving, Inc.
(Lost Profits, Deposition, March 2009; Trial Testimony, October 2009)
United States District Court, Southern District of Mississippi, Southern Division
Cause No. 1:07cv1140LG-RHW

Christopher Etheridge, et al v Amanda Hunter, et al
(Personal Injury, Trial Testimony, March 2009)
Circuit Court, 2nd Judicial District, Hinds County, Mississippi
Civil Action No. 2006-47

Mary Ann West Sheffield v Trenton Russell Sheffield
(Divorce, Trial Testimony – Court Appointed, March 2009)
Chancery Court, Lowndes County, Mississippi
Civil Action No. 07-0259

Unity Communications, Inc. v AT&T Mobility, LLC
(Lost Profits, Deposition, April 2009)
United States District Court for the Southern District of Mississippi, Hattiesburg Division
Civil Action No. 02:03cv115-KS-MTP

Billy Jack McDaniel, A'Leta McDaniel Individually and as Next Friend of Carney McDaniel, a Minor v
Smith International, Inc. and Sonerra Resources Corporation
(Personal Injury, Deposition, May 2009; Deposition, June 2009; Hearing, July 2009)
61st Judicial District, Harris County, Texas
Cause No. 2007-75537

---

The Koerber Company, P.A.                                              4

James A. Koerber, CPA/ABV, CVA, CFE, CFF        Prior Testimony & Depositions

Deon Esterhuizen, et al v KinderCare Learning Centers, Inc., Knowledge Learning Corporation, et al
(Financial Analysis for Punitive Damages, Deposition, June 2009; Trial Testimony July 2009)
In the Circuit Court in and for Pinellas County, Florida
Uniform Case Number: 522007CA012915XXCICI
Reference Number: 07-012915-CI-19

Tyrone E. Thomas v Jason S. Pittman, American Air Specialists, Inc., MetLife Auto & Home Insurance
Agency, Inc., and/or XYZ Insurance Company, Uninsured Insurance Carrier of Tyrone E. Thomas
(Personal Injury, Deposition, June 2009; Trial Testimony, July 2009)
Circuit Court of Covington County, Mississippi
Civil Action No. 2007-118C

George Strong, Jr. and Jean Hancock, et al v Deanna Snyder and Interstate Distributor Company
(Personal Injury, Deposition, June 2009)
United States District Court, Southern District of Mississippi, Hattiesburg division
Civil Action No. 2:08cv145-KS-MTP

Argueta Mariano Palacios, et al v Darel Thigpen, et al
(Wrongful Death, Deposition, July 2009)
First Judicial District, Circuit Court of Hinds County, Mississippi
Civil Action No. 251-08-561CIV

Robert Bodry v Robert C. Martin, et al
(Personal Injury, Deposition, July 2009)
Circuit Court of Attala County, Mississippi
Civil Action No. 06-0244-CV-L

J.T. Shannon Lumber Company, Inc. v Gilco Lumber, Incorporated, Jianliang "Gary" Xu, Claire Chen, and
John Does 1, 2, and 3
(Lost Profits, Deposition, October 2009)
United States District Court, Northern District of Mississippi, Delta Division
Cause No. 2:07cv119-P-A

Angela Kirkley Hayes v Randall Edward Hayes
(Alimony Analysis, Trial Testimony, November 2009)
Chancery Court of Lincoln County, Mississippi
Cause No. 2009-0079

Nick Welch, et al v George Solomon, et al
(Lost Profits, Trial Testimony, December 2009)
Arbitration Reference No. 09-A005, Jones County, Mississippi

Cleveland Andrew Jones v Thomas Martin Christopher, et al
(Personal Injury, Deposition, February 2010)
United States District Court, Southern District of Mississippi, Gulfport Division)
Civil Action No. 1:08CV351-HSO-JMR

John R. Rafferty and Natalie Rafferty, Individually and as Natural Parents and Wrongful Death
Beneficiaries of J.R.R., a Minor v Shawn D. Howard and Commercial Express, Inc.
(Wrongful Death, Deposition, March 2010)
United States District Court, Southern District of Mississippi
Civil Action No. 1:09-CV-260-LG-RHW

James A. Koerber, CPA/ABV, CVA, CFE, CFF          Prior Testimony & Depositions

Tommie Mack Granger, MD v Christus Health Central Louisiana d/b/a Christus St. Francis Cabrini Hospital, Christus St. Francis Cabrini Hospital Medical Staff, and the Local Govern Board of Christus St. Francis Cabrini Hospital
(Lost Profits, Deposition, April 2010; Trial Testimony, June, 2010)
Ninth Judicial District Court, Parish of Rapides, State of Louisiana
Civil Suit No. 211,938

Megan Durr and Target, Inc. v MBS Construction Corporation
(Personal Injury, Trial Testimony, May 2010)
United States District Court, Southern District of Mississippi, Jackson Division
Cause No. 3:07-CV-455-TSL-JCS

Beverly Lange, et al, Individually and on behalf of the Estate and Wrongful Death Beneficiaries of Virginia Meadows v Manor Care, Inc.; MCR Manor Care Services, Inc.; HCR Manor Care Medical Services of Florida, Inc.; Heartland Rehabilitation Services, Inc.; HCR Rehabilitation Corp.; Health Care and Retirement Corporation of America; Heartland Employment Services, LLC; Danny Davis; Vivian Kiraly; John Does 1 Through 10; and Unidentified Entities 1 Through 10 (as to Heartland of Charleston)
(Financial Analysis for Punitive Damage Purposes; Deposition; June 2010)
Circuit Court, Kanawha County, West Virginia
Cause No. 08-C-3355

S. Lavon Evans, Jr., et al v Baker & McKenzie, LLP, et al and Laredo Energy Holdings LLC, et al v Baker & McKenzie, LLP, et al
(Lost Profits and Financial Analysis for Punitive Damage Purposes; Deposition; July 2010)
Circuit Court of Jones County, Mississippi; Second Judicial District
Civil Action No. 2008-979cv11

Benny Ohazurike, Individually; Esther Ohazurike, Individually; Darlington Ohazurike, by and through Benny and Esther Ohazurike, His Next Friends v Parham Pointe North, LLC a/k/a Parham Pointe South, LLC; Ballard Realty Company, Inc.; K. Wayne Rice & Associates, Individually; Crystal Bridges-Corcoran, Individually; and John Does 1 Through 10
(Lost Profits, Trial Testimony, July 2010)
Circuit Court of Hinds County, Mississippi; First Judicial District
Civil Cause No.: 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CIV

Full Service Systems Corporation and Southern Service Corporation v Innovative Hospitality Systems, LLC (of Mississippi), Innovative Hospitality Systems, LLC (of Louisiana), Complete Staffing Solutions, LLC; Julio Castro, Amanda Listotta, and John Does 1-10
(Lost Profits, Trial Testimony, July 2010)
United States District Court, Southern District of Mississippi, Southern Division
Civil Action No. 1:08cv103LG-RHW