UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FLOYD HOBBS, JR. and
CYNTHIA BEVINGTON                                                                    PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:09cv009-SA-DAS

LEGG MASON INVESTMENT COUNSEL & TRUST CO., N.A.                 DEFENDANT

## LEGG MASON'S RESPONSE OPPOSING PLAINTIFFS' MOTION TO RECONSIDER

Plaintiffs' Motion to Reconsider [95] should be denied because it does no more than ask the Court to "think again" on every single conclusion the Court has already reached.

### *Factual Background*

The Court issued a Memorandum Opinion [93] and Order [92] on January 5, 2011, granting in part the Defendant's Motion for Partial Summary Judgment [73]. The Court first granted summary judgment on Plaintiffs' claims for generation-skipping transfer ("GST") tax liability, finding Legg Mason had no duty to seek a modification of the trust. [Doc. 93 Mem. Op. at 9-10.] Next, the Court held that Plaintiffs cannot prove to the jury a stock liquidation loss because such a future economic loss is uncertain and only a mere possibility. [Doc. 93 Mem. Op. at 10-11.] Finally, this Court ruled that Plaintiff Floyd Hobbs may not recover emotional distress damages because those damages are improper in cases of injury to property that do not involve fraud or malice. [Doc. 93 Mem. Op. at 12.]

The Plaintiffs filed a Motion to Reconsider on January 11, 2011. Plaintiffs assert that the Court improperly misconstrued Plaintiffs' claims and/or applied the wrong legal standard in its analysis. Plaintiffs have not established a manifest error of law by this Court. Rather, Plaintiffs repeat arguments made in response to Defendant's Motion for Partial Summary Judgment.

Because this Court properly analyzed those arguments and properly determined that the claims are insufficient as a matter of law, reconsideration is not warranted here.[1]

### *Reconsideration Standard*

The Court's familiar standard for dealing with motions for reconsideration recognizes three possible grounds for granting such a motion. Even then, the motion must "clearly establish" entitlement to relief under one of the three grounds. This Court explained the legal basis for a Motion to Reconsider:

> The Federal Rules of Civil Procedure do not recognize a motion for reconsideration in those words. *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e), or a motion for relief from judgment pursuant to Rule 60(b). *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n. 1 (5th Cir.2004). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n.10 (5th Cir.1998). Because the current motion was filed within ten days of the judgment, the Court will consider it under Rule 59(e). *See, e.g.*, *Neely v. Regions Bank, Inc.*, 2007 U.S. Dist. LEXIS 11775, 2007 WL 571111 (N.D. Miss. Feb.20, 2007).

*Baskin v. City of Houston, Miss.*, 2009 WL 3173727, *1-2 (N.D. Miss. 2009). As the current motion for reconsideration was filed within ten days of judgment, it should be considered a Rule 59(e) motion.

Rule 59(e) motions, as this Court recognized:

> "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore*

---

[1] Should this Court determine that reconsideration of the issues concerning GST tax liability and Plaintiffs' alleged stock losses is appropriate, then the Court must likewise consider Defendant's Motions to Exclude Certain Opinions of Mark Hartnett [Doc. 74] and of Roderick Russ [Doc. 75]. The Court did not rule on those motions, finding them moot once partial summary judgment was granted on the damages theories espoused by these experts.

*& Co.*, 318 F.3d 626, 629 (5th Cir. 2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003).

*Baskin* at *2. In *GuideOne Mutual Ins. Co. v. Rock,* 2009 WL 2252204, 2-8 (N.D. Miss. 2009), this Court underscored the limited availability of relief under Rule 59(e):

> Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." *In re Pequeno,* 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted). A motion for reconsideration under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ellis,* 2009 U.S. Dist. LEXIS 11441 at *3, 2009 WL 279105 (citing *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir.2003)); *Nationalist Movement v. Town of Jena,* 2009 U.S.App. LEXIS 6833, *11, 2009 WL 890603 (5th Cir. Apr. 1, 2009) ("Motions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to **re-urge matters that have already been advanced by a party**.") (citing *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989)).

*Id*. at *3 (emphasis added). *See also Ellis v. Mississippi Dep't of Health,* 2009 WL 279105, *1-*3 (N.D. Miss. 2009) (denying motion to reconsider where no Rule 59(e) grounds shown).

Here, Plaintiffs do not claim any intervening change in controlling law (that would scarcely be expected in the six days between judgment and the motion for reconsideration) or the availability of new evidence. Instead, Plaintiffs re-urge as "manifest errors of law" matters set forth in their original response to summary judgment. However, they have not clearly established that the Court made a manifest error of law or any need to correct manifest injustice.

### *Law and Argument*

    I.    <u>Legg Mason is Not Responsible for Plaintiffs' GST Tax Liability.</u>

This Court determined that Legg Mason owed no duty to seek a modification of the trust at issue. [Doc. 93, Mem. Op. at 9-10.] Plaintiffs take issue with this ruling, arguing that, even if Legg Mason had no duty to seek a modification of the trust itself, it owed a duty to "advise

3

Plaintiffs they were entitled to commence a modification." [Doc. 96, Plaintiffs' Memorandum in Support of Motion for Reconsideration at 3.] Significantly, Plaintiffs cite no Tennessee statute or Tennessee law supporting this claim. If Legg Mason had no duty to modify, it stands to reason that Legg Mason had no obligation to advise Plaintiffs that they could seek modification. Rather, as this Court held, Legg Mason's obligation was to abide by the terms of the trust as it was written. [Doc. 93 Mem. Op. at 10.] No one disputes that Legg Mason appropriately administered the trust as it was written. Plaintiffs' attempt to create an additional duty for Legg Mason is legally unsupported. Certainly Plaintiffs have failed to show a clear error of law in this Court's ruling on this issue. As a result, reconsideration is not warranted.

Lack of duty to seek a modification of the trust dispenses with Plaintiffs' claims for damages for the GST tax liability. However, should this Court reconsider the issue, Legg Mason refers the Court to its initial Memorandum of Law for the additional reasons why imposing GST tax liability on Legg Mason is inappropriate here. [Doc. 76 at 10-14.] In sum, even if Plaintiffs had been advised that they could seek a modification of the trust, it is pure speculation whether they would have done so and whether such modification would have been allowed by a Tennessee court or approved by the IRS. Additionally, this Court noted that the Tennessee Code requires a duty of impartiality of a trustee to its beneficiaries: "If a trust has two (2) or more beneficiaries, the trustee shall act impartially in investing and managing the trust assets, taking into account any differing interests of the beneficiaries." Tenn. Code Ann. § 35-14-108. [Doc. 93, Mem. Op. at 8.] The modification of the trust that Plaintiffs argue they would have sought would have favored Plaintiffs over the other beneficiaries and been contrary to the expressed language and intention of the trust instrument. Such a contradiction of the trust

instrument to the detriment of some beneficiaries lends credence to the argument that no modification would have been permitted.

Nothing in Plaintiffs' Motion to Reconsider illustrates a manifest error of law by this Court in denying Plaintiffs' claim for GST taxes. Plaintiffs offer nothing new in support of this argument beyond that which was already presented to the Court, and therefore the Motion to Reconsider should be denied.

II.     The Claimed Stock Loss *Is* a Future Loss Claim.

This Court properly analyzed Plaintiffs' claim for damages for the supposed future purchase of PepsiCo stock as a future loss because that is precisely what it is. [Doc. 93, Mem. Op. at 10-11.] The sale transaction in 2008 was not a loss-creating event – Plaintiffs received market value on the date of sale. Rather, Plaintiffs argue that if in the future they repurchase PepsiCo stock, which purportedly has increased in value since they sold it in 2008, they will have to pay more to buy it back, thus creating a loss *in the future*. This is a potential future injury, just as this Court concluded. Plaintiffs' own expert even admits that stock loss damages cannot be accurately calculated until the day of trial, which is a future event.

Moreover, as this Court noted, these damages are "predicated upon the assumption that Plaintiffs will repurchase the same number of PepsiCo shares at some point in the future." [Doc. 93, Mem. Op. at 11.] These are only potential damages, for Plaintiffs are under no obligation to purchase PepsiCo shares at all. If they do not purchase PepsiCo shares, then they have not suffered this alleged future damage; and even if they do Plaintiffs' alone can decide when and whether to buy at a given price.

While Tennessee courts may allow damages for identifiable losses associated with an economically less advantageous sale, a recovery cannot be based upon a future possibility of

5

loss. In *Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc*., 2010 Tenn. App. LEXIS 208, at *26-28 (Tenn. Ct. App. March 19, 2010), the Tennessee Court of Appeals allowed that an owner of machine equipment might pursue the reasonably foreseeable losses associated with the forced sale of that equipment. In *Mid-South Indus.,* the sale of a storage area compelled plaintiff to sell his equipment in a "rushed and economically less advantageous sale" that was not "a 'commercially reasonable' sale."[2] The loss was determined at the time of sale, not based upon a potential future event.

As this Court accurately noted, the stock liquidation losses sought by the Plaintiffs here are based on the fluctuating value of PepsiCo stock at a future date. Unlike the damages sought in *Mid-South Indus.*, the alleged loss in the present case is speculative because it is yet to be determined if there will in fact be a loss. Accordingly, because the alleged "stock liquidation loss" is uncertain and highly speculative, this Court did not err in determining that such damages are impermissible.

Plaintiffs offer nothing new on this issue and fail to show any manifest error of law by the Court in excluding these damages. Plaintiffs merely reiterate the arguments they made in response to Legg Mason's Motion for Summary Judgment, falling short of the standard required for granting a Rule 59(e) motion to reconsider.

### III.  Emotional Damages Are Not Appropriate in this Case.

This Court correctly relied on *Whaley v. Perkins*, 197 S.W.3d 665 (Tenn. 2006), to disallow Floyd Hobbs' claim for emotional distress damages. The *Whaley* case involved claims for intentional misrepresentation, and the Tennessee Supreme Court was clear that emotional

---

[2] Although the Motion for Reconsideration characterizes Plaintiffs' trusts' sale of stock as "forced," the record belies this. Plaintiffs borrowed money from Bank of Holly Springs to pay the tax. Many months later, they decided to have Mr. Hobbs, as trustee, sell the PepsiCo, loan the proceeds to Plaintiffs interest free, and pay off the earlier bank loan. *See* Memorandum of Law in Support of Motion for Partial Summary Judgment [76], p. 5, Undisputed Facts 25 through 28, and citations to supporting record.

damages in property tort actions are only proper in extraordinary circumstances. Those extraordinary circumstances involve cases where the injury is caused by "fraud, malice or like motives." *Whaley* at 670. The *Whaley* court did not define "like motives." Because of this, Plaintiffs have created their own definition of "like motives," asserting that this means recklessness. Plaintiffs' argument fails facially, however, because recklessness is not a motive; the very word describes an absence of motive or intent. Fraud and malice connote a deliberate act for a specific purpose. "[M]alice is defined as '[t]he intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent.'" *B & L Corp. v. Thomas and Thorngren*, 162 S.W.3d 189, 219 (Tenn. Ct. App. 2004)(*citing Black's Law Dictionary* 862 (5th ed. 1979)). Plaintiffs' assertion that "like motives" includes recklessness is not supported by *Whaley*, a case involving intentional misrepresentation.

Moreover, it is a stretch to take circumstances where the court is discussing fraud and malice and claim that the next logical step includes recklessness. If the court had intended emotional distress damages to be permitted in property tort actions involving recklessness, the court could have said so, just as the Tennessee Supreme Court did in punitive damage cases. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). The Tennessee courts have not specified recklessness as "like motives" and it would be improper to do so here. Plaintiffs' interpretation of what "like motives" means is insufficient to establish a manifest error of law in this Court's grant of partial summary judgment. The Motion for Reconsideration should be denied.

**CONCLUSION**

For the foregoing reasons, the extraordinary circumstances for granting a Rule 59(e) motion are not present here. Plaintiffs have wholly failed to establish a clear error of law on any issue set forth in this Court's grant of partial summary judgment to Legg Mason. Likewise, Plaintiffs have failed to establish any new argument or reason why summary judgment was inappropriate, instead re-arguing matters that this Court duly considered prior to granting the Motion for Partial Summary Judgment. Plaintiffs' Motion for Reconsideration should be denied in its entirety.

Respectfully submitted, this 12th day of January, 2011.

LEGG MASON INVESTMENT COUNSEL &
TRUST CO., N.A.

By: /s/ J. Stevenson Ray
    J. STEVENSON RAY (Miss. Bar No. 4649)
    601-985-4520
    Steve.ray@butlersnow.com
    KYLE V. MILLER (Miss. Bar No. 102227)
    601-985-4514
    Kyle.miller@butlersnow.com
    ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS
    & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(601) 948-5711

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant Legg Mason Investment Counsel & Trust Co., N.A., does hereby certify that he has this date filed the foregoing instrument with the Clerk of the Court using the Case Management/Electronic Case Files system which sent notification of such filing to the following:

>Mr. S. Kirk Milam (kmilam@hickmanlaw.com)
>Mr. S. Duke Goza (sarav@hickmanlaw.com)
>P. O. Drawer 668
>Oxford, Mississippi 38655
>
>ATTORNEYS FOR PLAINTIFFS

This the 12th day of January, 2011.

/s/ J. Stevenson Ray
J. Stevenson Ray

Jackson 5975190v1