**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FLOYD HOBBS, JR. and
CYNTHIA BEVINGTON**                                                              **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO. 3:09cv009-SA-DAS**

**LEGG MASON INVESTMENT
COUNSEL & TRUST CO., N.A.**                                          **DEFENDANT**

## LEGG MASON'S MOTION *IN LIMINE*

Legg Mason asks this Court to enter an Order and to give appropriate instructions at trial requiring all counsel and all trial witnesses to refrain from making any direct and/or indirect mention, reference, and/or allusion to the following matters:

    A.    Plaintiffs' alleged "stock liquidation losses."

    B.    Plaintiffs' alleged mental and/or emotional distress.

    C.    Legg Mason's alleged wrongful failure to seek of modification of the subject trust.

As grounds for this Motion, Legg Mason would show that the Court has dismissed the foregoing claims on motion for summary judgment; therefore, any mention, reference, and/or allusion thereto at trial would amount to irrelevant evidence which would be prejudicial to Legg Mason.

In further support of the Motion, Legg Mason states as follows:

    1.    The Court, in its Order [92] and Memorandum Opinion [93] dated January 5, 2011, and/or in its Order [104] and Memorandum Opinion [105] dated January 25, 2011, dismissed Plaintiffs' claims for stock liquidation losses and emotional damages, and ruled that Plaintiffs' experts may not testify pertaining to Legg Mason's duty to modify the trust.

2. In preparing the Pre-Trial Order, Plaintiffs determined to leave in their concise summary of claimed ultimate facts certain statements concerning the liquidation of PepsiCo stock and the duty of Legg Mason to modify the trust. Given the rulings of the Court, such evidence is not relevant, is not admissible, and would unfairly and unduly prejudice Legg Mason. Fed. R. Civ. P. 401, 402, and 403.

3. Legg Mason seeks leave of the Court to submit this motion outside the time established for Motions *in Limine*, given that the Court's ruling on Plaintiff's Motion for Reconsideration was rendered on January 25, 2011, and submission of the Pre-Trial Order was extended by the Magistrate Judge to January 27, 2011.

4. Legg Mason further seeks leave of the Court to dispense with a separate memorandum under Uniform Local Rule 7(b)(4) because this Motion is premised solely on the Court's prior orders and opinions.

WHEREFORE, PREMISES CONSIDERED, Legg Mason requests that the Court enter an Order granting this Motion *in limine*, as requested above.

Respectfully submitted,

LEGG MASON INVESTMENT COUNSEL &
TRUST CO., N.A.

By: /s/ J. Stevenson Ray
    J. STEVENSON RAY (Miss. Bar No. 4649)
      601-985-4520
      Steve.Ray@butlersnow.com
    JOSHUA J. WIENER (Miss. Bar No. 7185)
      601-985-4501
      Josh.Wiener@butlersnow.com
    ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS
     & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(601) 948-5711

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant Legg Mason Investment Counsel & Trust Co., N.A., does hereby certify that he has this date filed the foregoing instrument with the Clerk of the Court using the Case Management/Electronic Case Files system which sent notification of such filing to the following:

    Mr. S. Duke Goza
    sarav@hickmanlaw.com

    Mr. S. Kirk Milam
    kmilam@hickmanlaw.com

    ATTORNEYS FOR PLAINTIFFS

This the 31st day of January, 2011.

                                          /s/ J. Stevenson Ray
                                          J. STEVENSON RAY

Jackson 6054788v1